UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMMER QADDUMI, | § |
| Plaintiff, | § |
| v. | §  Cause No. 1:24-cv-1002 |
| | § |
| UNIVERSITY OF TEXAS AT AUSTIN, | § |
| UT PRESIDENT JAY HARTZELL, AND | § |
| UT PROVOST SHARON WOOD. | § |
| | § |
| Defendants. | § |

**VERIFIED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Ammer Qaddumi, a student at the University of Texas at Austin, engaged in First Amendment free speech activity at the campus on April 24, 2024. The University unlawfully attempted to prevent that speech – through prior restraint and other actions which will not satisfy the strict scrutiny standard under which they will be reviewed – and is now threatening to suspend Mr. Qaddumi for three academic semesters, which would bar him from entering campus or receiving credit for academic work. A hearing to determine whether we will be suspended is scheduled on Friday, August 30, 2024.

In a separate motion, Mr. Qaddumi will be asking this Court to issue a temporary retraining order enjoining the University's proposed discipline, and that discipline continue to be suspended by preliminary injunction until further order of the Court. Mr. Qaddumi is also suing Jay Hartzell and Sharon Wood in their individual capacities for their personal involvement in violating his First Amendment rights.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in federal court because the claims arise under the U.S. Constitution and federal laws. 28 U.S. C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the events complained of occurred in Travis County.

## PARTIES

3. Plaintiff Ammer Qaddumi is a student at the University of Texas who has been threatened with punishment for the exercise of his First Amendment right of free speech.

4. Defendant University of Texas at Austin ("the University") is located in Austin, Texas. It can be served at the Office of General Counsel for the University of Texas System, whose address is: 210 West 7th Street, Austin, Texas 78701.

5. Defendant Jay Hartzell is President of the University of Texas at Austin. Dr. Hartzell can be served at the Office of General Counsel for the University of Texas System, whose address is: 210 West 7th Street, Austin, Texas 78701-2982. Dr. Hartzell is sued in his individual capacity.

6. Defendant Sharon Wood is Vice President and Provost of the University of Texas at Austin. Dr. Wood can be served at the Office of General Counsel for the University of Texas System, whose address is: 210 West 7th Street, Austin, Texas 78701-2982. Dr. Hartzell is sued in her individual capacity.

## FACTS

7. On April 23, 2024, a student group named the Palestine Solidary Committee (PSC) called on students to participate the following day in a demonstration, protesting the University's investments into companies that perpetuate the genocide of Palestinians in Gaza.

Doc ID: 78af0991c8eaf69303578d6a88070a4337dc5e33

8. Ammer Qaddumi is a student enrolled at the University of Texas at Austin and was among the organizers of this event.

9. As was noted in a report (Exhibit P-01) issued the University's *Committee of Counsel on Academic Freedom and Responsibility*,[1] the PSC shared its proposed plan via social media:

> **Call to Protest on Wednesday April 24**
>
> The protests were first called by the Palestine Solidarity Committee at UT, which put up an Instagram post announcing their planned events. Here is the text of the post:
>
> > Class is canceled.
> >
> > Join us Wednesday April 24th in walking out of class and RECLAIMING OUR SPACE as we demand DIVESTMENT NOW.
> >
> > We will be meeting at Greg Gym at 11:40 and marching to occupy the South Lawn.
> >
> > In the footsteps of our comrades at Columbia SJP, Rutgers-New Brunswick, Yale, and countless others across the nation, we will be establishing THE POPULAR UNIVERSITY FOR GAZA and demanding our administration divest from death.
> >
> > We will be occupying the space throughout the entire day, so be sure to bring blankets, food and water, face masks, and lots of energy.
> >
> > As a reminder please be sure to respect our space and listen to organizers in order to help keep us all safe
>
> In another post the same day, a schedule of planned activities was published by the protest organizers. Here are the named activities:
>
> > Walk Out of class
> > Guest Speaker
> > Study Break
> > Teach-In
> > Study Break
> > Teach-In
> > Study Break
> > Food Break (Pizza)
> > Art Workshop

---

[1] The *Committee of Counsel on Academic Freedom and Responsibility* (CCAFR) is an official organ of the University, composed of seven (7) tenured faculty members chosen at large from and by the voting members of the General Faculty, whose duties include "provid[ing] advice on, and investigat[ing] allegations of violations of… the exercise of academic freedom in teaching, scholarship and expression." *See* its official website available at https://facultycouncil.utexas.edu/a1-committee-counsel-academic-freedom-and-responsibility (last accessed August 25, 2024).

10. The Palestinian Solidary Committee planned to lead a walkout protest from the Gregory Plaza (location A below) to the main south lawn (located B below), which the students understood to be a "traditional public forum," where they would spend the afternoon engaged in teach-ins about different topics pertinent to divestment and the history of student social justice movements.



11. The night before the event, Palestinian Solidary Committee leaders received an email from the University which said they would not be allowed to hold the event. CCAFR's report documents that Defendant Sharon Wood sent an email to the Dean's Council early in the

4

morning before the demonstration, sharing that leadership had decided to. preemptively bar the demonstration.

> **The University Provost Wood's Pre-emptive Ban on the April 24 Protest**
>
> On April 24, 2024, at 6.15 am, Provost Wood sent an email message to the Dean's Council, which stated:
>
> "Yesterday, the University learned of a planned event titled "The Popular University for Gaza." The stated purpose of this event was to "occupy the South Lawn" to "take back our university... in the footsteps of our comrades" in recent demonstrations at Columbia, Rutgers and Yale. The event encouraged participants to wear masks in violation of our Institutional Rules.
>
> "This "Popular University" event is part of a national campaign by a non-UT affiliated group explicitly seeking to disrupt university operations nationwide by creating campus encampments. As we have seen over the past few days, these illegal encampments have done just that. They have resulted in significant changes to classes, hundreds of arrests, intimidation, and calls for violence against Jewish students.
>
> "The University is working to ensure this type of disruption doesn't occur on our campus. As part of this effort, last evening, the Office of the Dean of Students informed the event organizer that they could not hold this event on campus. DOS also explained that any attempt to do so would subject the organization and its attending members to discipline under the Institutional Rules."

12. The PSC, unaware of the full scope of the machinations against them, noted the University's email misconstrued PSC's plans by erroneously conflating their planned demonstration with statements from Students for Justice in Palestine (a national organization) and other groups. The student leaders responded to the University's email, promising the planned march would be squarely within the boundaries of normal expressive conduct and University rules.

13. The CCAFR's analysis sets out a compelling explanation that the University sought to suppress PSC's speech based on its content due to political pressure from the Texas Governor.

Doc ID: 78af0991c8eaf69303578d6a88070a4337dc5e33

> **6. Suppression Based on Political Viewpoint and under Influence of State Executive**
>
> Well prior to the events of April 24, Governor Abbott issued an Executive Order (dated March 27, 2024) commanding the University to:
>
>> "Ensure that these policies are being enforced on campuses and that groups such as the Palestine Solidarity Committee and Students for Justice in Palestine are disciplined for violating these policies."
>
> Then, on April 24, Governor Abbott commented on X: "Arrests being made right now & will continue until the crowd disperses. These protesters belong in jail."
>
> These comments strongly imply that the University's decision to order the police presence and actions on April 24 and April 29 was influenced by the Governor, for the specific purpose of suppressing activities organized by the Palestine Solidarity Committee and Students for Justice in Palestine. Such a motivation is in clear violation of the Institutional Rules, Subchapter 13-100, which states: "The University will not discriminate on the basis of the political, religious, philosophical, ideological or academic viewpoint expressed by any person, either in the enforcement or administration of these rules or otherwise."
>
> There is the further fact that on April 24, after blockading the South Lawn and arresting over 50 persons, the police presence was abruptly removed around 6 pm, and the teach-in resumed on the previously prohibited space. The reason for removing the police has not been explained. One possibility is that the University administration decided that the original response was, indeed, too harsh and unjustified. The other is that the very purpose of the response was to satisfy political pressure, and this purpose had been achieved between noon and 6 pm. The Institutional Rules barring discrimination based on viewpoint clearly prohibit any action to satisfy outside political pressure, from any source.

14. CCAFR's observation above is further buttressed by the long history of demonstrations not materially different in time, place, and manner than the demonstration here, which occurred on the University's campus without repression. Indeed, even during this demonstration "… peaceful counter-protesters were present, holding Israeli flags and anti- Palestinian signs. None of them were arrested." (See, Exhibit P-01 at 8.) The University's actions treating this demonstration more harshly than others conducted with the same place, time, and manner is additional evidence that the University's actions targeted demonstrators due the message they sought to convey.

15. Mr. Qaddumi arrived at campus with other students on the morning of April 24, 2024, to find a considerable law enforcement presence that included university, municipal, and state police.

16. CCAFR's report notes that Defendant Jay Hartzell later asserted that he made the decision to call law enforcement to campus.

> **Description of University Administration Justification at Faculty Council Listening Session with UT President Jay Hartzell - Monday May 6, 2024**
>
> The arrests of protesters on April 24 and April 29, 2024, generated intense concern among faculty, staff, students, and the wider community. In response, Faculty Council scheduled a "listening session" to enable President Hartzell to hear these concerns on May 6, 2024. At this session, Pres. Hartzell began by showing a series of slides that outlined the process by which the decisions to call in APD, State Troopers, and UTPD on April 24 and April 29 were made. He asserted that "these decisions were mine" but that he had consulted with several others before making a final decision. Regarding April 24, he said that protesters had threatened to "occupy" the campus. As evidence, he displayed an Instagram post from the Palestine Solidarity Committee described above. President Hartzell stated that the term "occupy" indicated that the protestors planned to violate UT rules.

17. As people gathered at Gregory Gym, Mr. Qaddumi and some of his companions were approached by two University staff members who identified themselves as representatives from the Office of the Dean of Students who told them they could not proceed with the event.

18. The people who had gathered began to move but were almost immediately kettled by law enforcement officers. Police on horses blocked the path north and west, so students briefly moved south on Speedway Blvd, crossing 21st street, only to be stopped and surrounded by more officers on bicycles. The students were instructed to disperse, but the officers' positioning in kettling them physically impeded the students' ability to disperse.

19. At that time, the police sought out a mediator from among the crowd to communicate directives to, and Mr. Qaddumi volunteered to fill that role. At their request, Mr. Qaddumi shared with the other demonstrators the officers' directives to disperse.

20. However, as police had physically blocked off most routes for dispersal, the crowd ended up reconvening back on Speedway Blvd. Since Mr. Qaddumi was no longer at the head of the crowd, he rushed to the front and then again personally addressed the crowd and expressed the need to disperse and avoid arrest, which they immediately began doing. At

that moment, at approximately 12:49 pm, he was arrested by UT Police Department officers on the accusation of criminal trespass.

21. The only criminal accusation against Mr. Qaddumi – trespass – was quickly dropped, and CCAFR's report concluded that the students demonstrating on April 24, 2024 were not violating the University's rules.

22. On July 3, 2024, Mr. Qaddumi received a letter from the Office of the Dean of Students alleging his involvement in the events on April 24, 2024 had violated the University's Institutional Rules[2] and threatened him with discipline. Exhibit P-02.

23. Mr. Qaddumi responded to dispute the University's accusations as directed, providing critical information about the PSC, his role within the demonstration, and most notably, that the University erroneously attributed social media posts from another student group to him.

24. However, on July 25 the University rejected his defense, and tentatively assessed his punishment as suspension for three academic semesters, meaning he "cannot enter UT Austin's campus during this time without written approval from the Vice President for Student Affairs," or "receive credit for academic work during this time." Exhibit P-03. He has appealed that conclusion to a hearing, which is now scheduled for Friday, August 30, 2024.

---

[2] The letter noted Mr. Qaddumi was connected to the PSC and conflated local students work with the national *Students for Justice in Palestine* and events transpiring with students elsewhere in the country.

Doc ID: 78af0991c8eaf69303578d6a88070a4337dc5e33

CAUSES OF ACTION

Plaintiff brings claims against Defendants for prior restraint; regulation of his speech based on its content in a manner not satisfying strict scrutiny; and for retaliation against due to the content of his speech.

a. <u>Prior Restraint on Speech in Violation of the First Amendment, 42 U.S.C. § 1983</u>

25. This prior restraint bears a "heavy presumption of unconstitutionality." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225 (1990).

26. Defendants' decision to restrain Mr. Qaddumi and other students' speech prior to it occurring violated their First Amendment rights.

27. Therefore, Defendants Hartzell and Wood are individually liable to Plaintiff.

b. <u>Content and Viewpoint Discrimination in Violation of the First Amendment, 42 U.S.C. § 1983</u>

28. Both viewpoint and content-based discrimination are "presumptively invalid" and triggers heightened scrutiny under the First Amendment. *United States v. Stevens*, 559 U.S. 460, 468 (2010).

29. Defendants restrained Mr. Qaddumi and other students' speech based on the content and viewpoints that were to be expressed by that speech.

30. Separately, the Fifth Circuit has previously concluded that the University of Texas has designated the outdoor open areas of its campus as public forums for student speech, with the result that any restriction on student speech in those spaces is subject to strict scrutiny. *See Justice for All v. Faulkner*, 410 F.3d 760, 769 (5th Cir. 2005).

31. Defendants' actions will not satisfy a strict scrutiny review.

32. Therefore, Defendants Hartzell and Wood are individually liable to Plaintiff.

Doc ID: 78af0991c8eaf69303578d6a88070a4337dc5e33

c. <u>Retaliation in Violation of the First Amendment, 42 U.S.C. § 1983</u>

33. The University's pending disciplinary action against Mr. Qaddumi is an unlawful retaliation against him for exercise of his First Amendment rights, done maliciously with the intent to injure him.

34. The Defendant University should be enjoined from pursuing disciplinary action further.

## DAMAGES

Plaintiff seeks compensatory and punitive damages.

## NOMINAL DAMAGES

Plaintiff requests an award of nominal damages against Defendants.

## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff requests declaratory and permanent injunctive relief.

## ATTORNEY'S FEES

Plaintiff is entitled to reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 1988.

## CONCLUSION

For these reasons, Plaintiff respectfully asks this Court to:

1. Enjoin further disciplinary proceedings from being undertaken against him or enforced against him and grant any other appropriate and necessary declaratory and permanent injunctive relief.

2. Award damages – compensatory, punitive, and nominal.

3. Award attorney's fees.

4. Award all other relief to which Plaintiff is entitled at law or in equity.

DATED: August 27, 2024

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
2080 E. Ben White Blvd, Ste 240 PMB 5960
Austin, TX 78741
Telephone: (512) 596-0226
Fax: (512) 597-0805

ATTORNEY FOR PLAINTIFF

VERIFICATION

I am Ammer Qaddumi, the plaintiff named in this Complaint. I have reviewed the factual allegations in this Complaint, and pursuant to 28 U.S. 1745, I verify under penalty of perjury that the allegations are true and correct.

Executed on August 27, 2024.

*Ammer Qaddumi*
Ammer Qaddumi

Doc ID: 78af0991c8eaf69303578d6a88070a4337dc5e33