UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI<br>*Plaintiff*, | § § § | No. 1-24-cv-1002-DII |
| vs. | § § | |
| UNIVERSITY OF TEXAS AT AUSTIN, UT PRESIDENT JAY HARTZELL, AND UT PROVOST SHARON WOOD, | § § § § § | |
| *Defendants*. | § | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the Court is a Motion for Temporary Restraining Order filed on August 28, 2024, by Plaintiff Ammer Qadummi. (Dkt. # 4.) Qadummi requests that the Court issue a temporary restraining order to stop the University of Texas at Austin ("the University") from proceeding with a disciplinary hearing scheduled for August 30, 2024.

The undersigned enters this order. However, this action will remain on Judge Docket II-Austin, which is overseen by the Honorable Robert L. Pitman.

Upon careful consideration of the arguments asserted in the filings and the relevant caselaw, the Court **DENIES** Plaintiff's motion for a temporary restraining order. (Dkt. # 4.)

## BACKGROUND

1

Ammer Qaddumi is a student at the University of Texas at Austin. (Dkt. # 4 at 1). On April 24, 2024, he was involved in a pro-Palestinian student demonstration at the University's Austin campus to protest actions taken by Israel during the armed conflict in Gaza. (Id.)

The University has threatened to discipline Qadummi for 1) failing to comply with directives from university officials; 2) engaging in disruptive conduct; and 3) promoting or inciting disruptive conduct. (Id. at 3-5).

A hearing to determine whether Qadummi will be disciplined is scheduled for August 30, 2024 where he risks being barred from campus and/or receiving academic credit. Qadummi seeks an injunction to stop the proceeding and ultimately to stop any punishment from being imposed.

## LEGAL STANDARD

A plaintiff seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir. 2008).

## DISCUSSION

A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. Juidice v. Vail, 430 U.S. 327, 331 (1977). The ripeness doctrine prevents courts "through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also [protects] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967). It weeds out "those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000). "The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." Monk v. Huston, 340 F.3d 279, 282 (5th Cir. 2003) (internal quotation marks and citations omitted); see also Salazar v. Buono, 559 U.S. 700, 731 (2010) (Scalia, J., concurring) ("A plaintiff cannot sidestep Article III's requirements by combining a request for injunctive relief for which he has standing with a request for injunctive relief for which he lacks standing.").

Qadummi's request for emergency relief is not ripe. At bottom, Qadummi complains of an injury that he may never experience. This uncertainty weighs decisively against ripeness. The motion for a temporary restraining order only states that he is being threatened with a suspension. To date, no injury has occurred. It is very well possible that the University decides not to suspend Qadummi.

The University has the right to impose discipline in conformity with the due process clause. The Supreme Court has held that students facing temporary suspension from a public school have property and liberty interests that qualify for protection under the Due Process Clause of the Fourteenth Amendment. <u>Goss v. Lopez</u>, 419 U.S. 565, 565 (1975). Depending on the extent of the punishment, more safeguards must be implemented. This Circuit has found that when a student faces expulsion, procedural due process requires that he receive notice of the charges and a chance to rebut them. <u>See</u> <u>Goss v. Lopez</u>, 419 U.S. 565, 581 (1975). He is entitled to know the evidence or the witnesses testifying against him. <u>Dixon v. Ala. State Bd. of Educ.</u>, 294 F.2d 150, 159 (5th Cir. 1961).

In scheduling a hearing date set for August 30, 2024, the University is acting under the contours of the due process clause. The Court is not in a position to obstruct this proceeding.

CONCLUSION

Because no injury currently exists, the Court finds that the temporary restraining order is unripe and **DENIES** the motion without prejudice. (Dkt. # 4.) This matter will remain on Judge Docket II-Austin, which is overseen by the Honorable Robert L. Pitman.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, August, 29, 2024.

_____
David Alan Ezra
Senior United States District Judge