UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMMER QADDUMI, § | |
| Plaintiff, § | |
| v. § | Cause No. 1:24-cv-1002-DII |
| § | |
| UNIVERSITY OF TEXAS AT AUSTIN, § | |
| UT PRESIDENT JAY HARTZELL, AND § | |
| UT PROVOST SHARON WOOD. § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Ammer Qaddumi is a student at the University of Texas at Austin. On April 24, 2024, he was part of a peaceful march on the campus. Following the demonstration, the University threatened to suspend him for three academic semesters, barring him from entering campus, or receiving credit for academic work. Plaintiff's *Verified Original Complaint* (D.E. 1) explains in detail how Mr. Qaddumi's participation in the march was protected First Amendment activity, and that the University's efforts to punish him fail strict scrutiny review.

On August 29, 2024, the Honorable Judge David Ezra denied without prejudice Plaintiff's first request for a Temporary Restraining Order. Noting that Plaintiff was facing the prospect of suspension, but the suspension had not yet occurred, the Court concluded:

> *Because no injury currently exists, the Court finds that the temporary restraining order is unripe and DENIES the motion without prejudice.*

But yesterday, October 23, 2024, the University sent Mr. Qaddumi notice of its final decision: Suspension, effective (retroactively) from August 21, 2024 through August 15, 2025 (three academic semesters – fall, spring, and summer), from which the University will not consider any further appeal. As of yesterday, he is barred from entering campus, receiving credit for coursework, or registering for courses in the Spring.

Mr. Qaddumi, therefore, re-urges this motion. The University act to disciplining Mr. Qaddumi for participating in a peaceful march on campus fails strict scrutiny review. For the reasons set out below, and relying on the allegations made in both Plaintiff's *Verified Original Complaint* (D.E. 1) and attached *Declaration of Ammer Qaddumi*,[1] Mr. Qaddumi respectfully asks the Court to issue a temporary restraining order to stop the University of Texas from enforcing its suspension.

## BACKGROUND

Plaintiff brings his claims under the First Amendment rather than as violations of his due process right, but for purposes of demonstrating the ripeness of his motion, offers this short procedural history of the University's disciplinary process:

1. July 3, 2024: the University's office for Student Conduct and Academic Integrity ("University Prosecution") alerted Mr. Qaddumi it was considering disciplining him for his participation in the peaceful demonstration at the University campus on April 24, 2024. (D.E. 1-2, reattached to this Declaration as Exhibit A).

2. July 25, 2024: University Prosecution issued an initial Administration Disposition against Mr. Qaddumi, imposing a suspension "from UT Austin for three semesters, from Fall Semester 2024 through Summer Semester 2025." (D.E. 1-3 reattached to this Declaration as Exhibit B)

3. Mr. Qaddumi appealed the Administrative Disposition to a Student Conduct Board (SCB). The SCB was composed of two students and one faculty member, and acting as an adjudicatory body, heard arguments and received evidence from University Prosecution and Mr. Qaddumi, in two days of hearings (on August 23 and September 6) spanning approximately 10 hours.

4. September 26, 2024: SCB issued a hearing decision sustaining a portion of the University Prosecution's case, but modifying the sanction to a Deferred Suspension and requiring Mr. Qaddumi to attend an "Ethical Decision Making Seminar." (Declaration, Ex. C)

---

[1] The Court may rely on "an affidavit or a verified complaint…" to grant a temporary restraining order. Fed. R. Civ. Proc. 65(b)(1)(A).

5. October 3, 2024: University Prosecution appealed SCB's hearing decision to an Appellate Officer, who supposedly reviews appeals under a "Substantial Procedural Error" standard, but in this instance engaged in a transparently *de novo* reweighing of the arguments. Further, according to the Appellate Officer's admission, he only considered the SBC's written decision and the written arguments of University Prosecution and Mr. Qaddumi, and did not review the recording or transcript from the 8 hours of hearing testimony. (Declaration, Ex. D and Ex. E)

6. October 23, 2024: the Appellate Officer granted University Prosecution's appeal, overruled the SCB, and reimposed the original Administration Disposition sanction, suspending Mr. Qaddumi retroactively from August 21, 2024 through August 15, 2025, effective immediately. (Declaration, Ex. F)

TEMPORARY RESTRAINING ORDER (TRO)<br>AND PRELIMINARY INJUNCTION

Plaintiff has standing to request a preliminary injunction to prevent the University from imposing punishment on him. *Ponce v. Socorro Independent School Dist.*, 508 F.3d 765, 768 (5th Cir. 2007). He asks the Court to immediately issue a TRO and set an expedited hearing for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b)(1), (3).

A. <u>Temporary Restraining Order</u>

To be granted a TRO, a party must show "immediate and irreparable injury… will otherwise result before the adverse party can be heard in opposition," and explain "any efforts made to give notice and the reason why it should not be required." Fed. R. Civ. Proc. 65(b)(1).

Counsel conferred Defendants through their counsel Darren Gibson on October 24, 2024, before filing this motion. Mr. Gibson accepted requests for waivers of service on September 6, 2024, but the 60-day deadline to submit an answer has not yet arrived. Plaintiff is suffering injury now, which will become increasingly irreparable before Defendants' deadline to answer, as he misses coursework and as the November 5 date to register for Spring courses comes and goes.

B. <u>Preliminary Injunction</u>

A preliminary injunction should be granted because Plaintiff can prove:

> (1) Substantial likelihood of prevailing on the merits.
>
> (2) Substantial threat of suffering irreparable injury if the injunction is not granted.
>
> (3) The threatened injury to Plaintiffs outweighs the threatened harm to the Defendants.
>
> (4) Granting the preliminary injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

  a. <u>Plaintiff is substantially likely to prevail on their claims</u>

The University's reasons for disciplining Mr. Qaddumi are all related to his involvement in a demonstration at the University's Austin campus on April 24, 2024, during which time students marched and chanted slogans (e.g. "Hey hey, ho ho, the occupation as got to go") with a plan to move toward the University's "South Lawn" for a teach-in and other routine First Amendment activity. Shortly before noon that day, police began arresting some of the demonstrators, including Mr. Qaddumi, on charges of criminal trespass which were quickly dismissed.

As explained in the background section above, the University suspended Mr. Qaddumi on October 23, 2024 for three academic semesters.

  (a.1) <u>Alleged violation 1: Failure to comply with directives from University officials</u>.

The University contacted the Palestinian Solidarity Committee in the evening of April 23, and the morning of April 24 (prior to the demonstration), telling the students they would not be allowed to hold the planned demonstration. Staff from the Dean of Students also approached Mr. Qaddumi minutes before the march began, after student had already begun gathering, telling him the University was not allowing the demonstration to occur.

Those directives were an attempt to impose a prior restraint on the students' speech. *See Alexander v. United States*, 509 U.S. 544, 550, 113 S. Ct. 2766, 2771, 125 L. Ed. 2d 441 (1993) ("The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain

communications when issued in advance of the time that such communications are to occur.'"). Prior restraint occur whenever state actors "deny use of a forum in advance of actual expression." *Hill v. Colorado*, 530 U.S. 703, 735 n. 5 (2000) (quoting *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975)). "[A]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Freedman v. State of Md.*, 380 U.S. 51, 57 (1965) (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963).

Plaintiff's Verified Complaint, quoting a report from *Committee of Counsel on Academic Freedom and Responsibility* (attached to the Complaint as P-01), notes the Palestinian Solidary Committee called on students to gather, march, listen to speakers, eat pizza, and engage in an art workshop. The University's attempt to engage in a prior restraint of that announced activity was unconstitutional.

(a.2) <u>Alleged violation 2: Engaging in disruptive conduct.</u>

During Mr. Qaddumi's presence at the University campus on April 24, 2024, he was among students gathered in outdoor open areas of the campus, who were marching, chanting, and holding signs. The "outdoor open areas of its [University of Texas at Austin's] campus" are "public forums for student speech, with the result that any restriction on student speech in those spaces is subject to strict scrutiny." *See Justice for All v. Faulkner*, 410 F.3d 760, 769 (5th Cir. 2005). The University suspension of Mr. Qaddumi for participating in a peaceful demonstration does not pass strict scrutiny.

(a.3) <u>Alleged violation 3: Promoting or inciting disruptive conduct.</u>

The University accused Mr. Qaddumi promoted or incited disruptive content, which they describe as "refus[ing] to cancel the event after being instructed to do so," assembling with the crowd that morning, addressing the assembled crown, and leading the group down Speedway, "ignoring directives from University officials to cancel the event and fail[ing] to convey the event

5

cancellation message to the crowd." The University suspension of Mr. Qaddumi for participating in a peaceful demonstration does not pass strict scrutiny.

b. <u>Plaintiff will suffer imminent, irreparable injury without a preliminary injunction</u>

For harm to be "imminent," there must be "a reasonable probability that a real injury... will occur if the injunction is not granted." *See United States v. Emerson*, 270 F.3d 203, 262 n.64 (5th Cir. 2001) (internal quotations omitted). For a harm to be "irreparable," it must be an injury that cannot be undone through monetary damages. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

<u>The danger is imminent</u>. Mr. Qaddumi was issued a suspension on October 23, 2024 for three academic semesters, which bars him from entering campus or receiving credit for academic work. The harm is being inflicted and will be ongoing, if not enjoined.

<u>The injury will be irreparable</u>. Constitutional deprivations are, as a matter of law, irreparable injuries.[2] The deprivation of his rights can never be fully remedied with monetary damages, and is therefore irreparable. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012).[3]

c. <u>An injunction would serve the public interest, and its benefit would outweigh any conjectural harm to Defendants.</u>

---

[2] *See, e.g. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) ("loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction"); *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) ("the right of privacy must be carefully guarded for once an infringement has occurred it cannot be undone by monetary relief"); *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 701 F.Supp.2d 835, 859 (N.D.Tex. 2010) (*citing Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)) (enforcement of a preempted law); *Murillo v. Musegades*, 809 F.Supp. 487, 497 (W.D.Tex. 1992) (search-and-seizure); Mitchell v. Cuomo, 748 F.2d 804, 806 (2nd Cir. 1984) (Eighth Amendment); *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (right to vote); *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C.Cir. 2009) (search-and-seizure). "It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law." *Cohen v. Coahoma Cty., Miss.*, 805 F. Supp. 398, 406 (N.D. Miss. 1992)

[3] Further, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

Since the University of Texas at Austin is a government entity, the third and fourth elements of the analysis for a granting a preliminary injunction are properly considered together. *Speigel v. City of Houston,* 636 F.2d 997, 1002 (5th Cir. 1981).

"The public interest does not extend so far as to allow actions that interfere with the exercise of fundamental rights." *Villas*, 701 F.Supp.2d at 879 (citing *Deerfield*, 661 F.2d. at 338-39) (quotations omitted). To the contrary, "it is always in the public interest to prevent violation of a party's constitutional rights." *Bays v. City of Fairborn* 668 F.3d 814, 825 (6th Cir. 2012); *see also Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012). The public interest would be protected, not harmed, by a preliminary injunction. Conversely, University would not experience any harm from being enjoined from disciplining Mr. Qaddumi pending the conclusion of these court proceedings.

The balance of the elements set out above supports granting a TRO, followed by a preliminary injunction.

d. <u>Plaintiff asks that no bond be required</u>

Plaintiff respectfully asks that no bond be required because he is indigent (a student) and Defendants will incur no financial hardship, or that bond be set at nominal amount not exceeding $10.00. It is within the Court's discretion to do so. *City of Atlanta v. The Metropolitan Area Rapid Transit Authority*, 636 F.2d 1084, 1094 (5th Cir. 1981) ("the court may elect to require no security at all").

DATED: October 24, 2024

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
2080 E. Ben White Blvd, Ste 240 PMB 5960
Austin, TX 78741
Telephone: (512) 596-0226
Fax: (512) 597-0805

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

Plaintiff is served this motion on Darren Gibson, counsel for Defendants, via email to DGibson@littler.com

/s/ Brian McGiverin
Brian McGiverin