IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-cv-01002-DII |
| UNIVERSITY OF TEXAS AT AUSTIN, UT PRESIDENT JAY HARTZELL, AND UT PROVOST SHARON WOOD, | § § § § § | |
| Defendants. | § § § | |

### PARTIES' JOINT RULE 26(f) REPORT

Plaintiff Ammer Qaddumi and Defendants former President Jay Hartzell[1] and former Provost Sharon Wood file this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties conferred on January 24, 2025, via videoconference on the matters specified in Rule 26(f). In attendance were Brian McGiverin, Joe Ahmad, and Sean Healey, counsel for Plaintiff, and Darren Gibson and Emily Linn, counsel for Defendant.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   Plaintiff's Response:

   Plaintiff's causes of action are viewpoint discrimination and retaliation in violation of the First Amendment. Plaintiff alleges Defendants suspended him for expressing a pro-Palestine viewpoint at a peaceful campus protest. Specifically, Plaintiff alleges that former UT President Jay Hartzell and former UT Provost Sharon Wood targeted Mr. Qaddumi's pro-Palestine protest for cancellation and punishment, and that as a direct result, the University has suspended Mr. Qaddumi for three semesters. The ongoing suspension is viewpoint discrimination because it is motivated by the content of Mr. Qaddumi's protected political expressions. It is retaliation because it cannot be justified on non-retaliatory grounds. The lack of any non-retaliatory, viewpoint-neutral justification is shown by Defendants' differential treatment of pro-Palestine protesters, whom the University singles out for

---

[1] On January 7, 2025, Jay Hartzell announced he was stepping down from the position of President of UT Austin, and James E. Davis was named interim president of UT Austin on February 19, 2025. However, because Hartzell has been named in his individual capacity based on actions he took while he served as President, Defendants will refer to him as former President Hartzell.

punishment while tolerating near-identical conduct from students with different viewpoints.

Plaintiff brings two sets of claims, both under 42 U.S.C. § 1983. First, Plaintiff sues the current UT President in his official capacity, seeking injunctive and declaratory relief barring further enforcement of the suspension. This claim is proper under *Ex Parte Young* because it seeks relief from a state official for ongoing constitutional violations. Second, Plaintiff sues Jay Hartzell and Sharon Wood in their individual capacities, seeking compensatory, punitive, and/or nominal damages as well as attorney's fees. Wood and Hartzell are not protected by qualified immunity because they violated Mr. Qaddumi's clearly established rights.

Plaintiff's allegations are further detailed in Plaintiff's Second Amended Complaint [Dkt. 30], and the supporting legal arguments are explained in Plaintiff's Response to Defendant's Motion to Dismiss [Dkt. 41].

Defendants Response:

Defendants generally deny Plaintiff's claims of First Amendment content and viewpoint discrimination and retaliation, and demand strict proof of each as required by law. Further, the Defendants moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6). Specifically, Plaintiff's First Amendment content and viewpoint discrimination claim against Defendants in their individual capacities fails because neither Defendant was personally involved in the actions alleged, and separately they are protected by qualified immunity, as they did not violate any clearly established law. Further, Plaintiff's request for retrospective declaratory relief violates *Ex parte Young*, and his attempt to assign blame for his misconduct and resulting suspension on the cancellation of the protest violates the collateral bar rule. Finally, Plaintiff does not allege that any decisionmakers responsible for his discipline or suspension acted with the requisite discriminatory or retaliatory intent to support claims for injunctive relief.

For a complete explanation and analysis of Defendants' defenses in this case, Defendants refer the Court to their Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 37] and Defendants' Reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 44].

2.   **Are there any outstanding jurisdictional issues?**

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 37].

**For removed cases based on diversity jurisdiction:** N/A

   a.   **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

N/A

   b.   **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether**

**PARTIES' JOINT RULE 26(f) REPORT - Page 2**

        diversity exists?

N/A

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are currently no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   The Parties agree that Plaintiff Ammer Qaddumi was an undergraduate student at The University of Texas at Austin, and that he was suspended from August 21, 2024 through August 15, 2025.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   The Parties agree that the only individual defendants in this matter are former President Jay Hartzell and former Provost Sharon Wood. On January 7, 2025, Jay Hartzell announced he was stepping down from the position of President of UT Austin, and James E. Davis was named interim president of UT Austin on February 19, 2025. However, because former President Hartzell has been named in his individual capacity based on actions he took while he served as President, Defendants will refer to him as former President Hartzell in his individual capacity.

   Defendants further agree that Plaintiff may substitute Interim UT Austin President James E. Davis in place of former President Hartzell as the named defendant solely for the official capacity claims asserted in Plaintiff's Second Amended Complaint. Defendants deny that Interim President Davis is an appropriate defendant in any capacity other than for purposes of official capacity claims in the Second Amended Complaint against the UT Austin President. The Defendants further agree to amend the case caption as follows:

       AMMER QADDUMI,
       Plaintiff,

       v.

       INTERIM UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, JAY HARTZELL, in his individual capacity, and SHARON WOOD, in her individual capacity,
       Defendants.

6. **Are there any issues about preservation of discoverable information?**

   None at this time.

7.  **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

    None at this time. To the extent the parties have any discoverable information in electronic form in their possession, they will agree to identify and produce said information, if necessary, in the form in which it is ordinarily maintained or in a reasonably usable form. If a party determines a document is not accessible in its native format, then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format.

8.  **What are the subjects on which discovery may be needed?**

    As stated in the Parties' Amended Agreed Scheduling Order [Dkt. 39], Defendants' position is that any discovery must be stayed pending a ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 37] in light of the asserted qualified immunity defenses. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-686 (2009) (holding "when defendants assert qualified immunity in a motion to dismiss, the district court may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *Carswell v. Camp*, 54 F.4th 307, 314 (5th Cir. 2022) (adopting the holding in *Iqbal*, recognizing that this decision prohibits "even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage."). Plaintiff is not seeking to take discovery prior to the Court's ruling on Defendants' Motion to Dismiss. Plaintiff reserves the right to seek leave and request court-ordered discovery after the deadline if necessary in light of the timing of the Motion to Dismiss ruling. Plaintiff also reserves the right to seek any discovery this Court may authorize prior to ruling on Defendants' Motion to Dismiss, such as limited discovery necessary to rule on qualified immunity as permitted by *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012).

    If any claims survive Defendants' Motion to Dismiss, the Parties will confer on appropriate topics of discovery based on the remaining claims and defenses in this case.

9.  **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

    The Parties have not exchanged initial disclosures. Defendants object to serving initial disclosures, as disclosures are a form of discovery that should be stayed pending a ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 37].

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    The Parties have not conducted any discovery. As outlined above, Defendants' position is that any discovery must be stayed pending a ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 37].

**PARTIES' JOINT RULE 26(f) REPORT - Page 4**

**11.**     **What, if any, discovery disputes exist?**

None at this time.

**12.**     **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

To the extent this case proceeds to discovery and the Parties raise concerns regarding confidentiality of documents subject to discovery, the Parties anticipate seeking the entry of a protective order that largely follows this Court's form order, which includes a provision concerning Rule 502.

**13.**     **Have the parties discussed early mediation?**

The Parties have engaged in preliminary discussions regarding the possibility of negotiating a settlement between counsel or participating in early mediation. The Parties do not believe a settlement can be reached at this time.

**14.**     **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

To the extent this case proceeds to discovery, the Parties anticipate seeking the entry of a protective order that largely follows this Court's form order. There are no other discovery items for the court to consider at this time.

Dated: March 7, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Sean Healey (w/permission)* | */s/ Darren G. Gibson* |
| Brian McGiverin | Darren G. Gibson |
| Texas Bar No. 24067760 | Texas State Bar No. 24068846 |
| AUSTIN COMMUNITY LAW CENTER | dgibson@littler.com |
| 2080 E. Ben White Blvd. | Emily Linn |
| Ste. 240, PMB 5960 | Texas State Bar No. 24109478 |
| Austin, Texas 78741 | elinn@littler.com |
| brian@austincommunitylawcenter. | |
| | LITTLER MENDELSON, P.C. |
| Joseph Y. Ahmad | 100 Congress Avenue, Suite 1400 |
| Sean Healey | Austin, TX 78701 |
| Ahmad Zavitsanos & Mensing, PLLC | Telephone: 512.982.7250 |
| 1221 McKinney, Suite 2500 | Facsimile: 512.982.7248 |
| Houston, TX 77010 | |
| joeahmad@azalaw.com | **ATTORNEYS FOR DEFENDANTS** |
| shealey@azalaw.comorg | |
| **ATTORNEY FOR PLAINTIFF** | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Brian McGiverin
AUSTIN COMMUNITY LAW CENTER
2080 E. Ben White Blvd.
Ste. 240, PMB 5960
Austin, Texas 78741
brian@austincommunitylawcenter.org

Joseph Y. Ahmad
Sean Healey
Ahmad Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, TX 77010
joeahmad@azalaw.com
shealey@azalaw.com

*Attorney for Plaintiff*

*/s/ Emily Linn*
Emily Linn

**PARTIES' JOINT RULE 26(f) REPORT - Page 6**