**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AMMER QADDUMI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:24-cv-01002** |
| | § | |
| **INTERIM UT AUSTIN PRESIDENT** | § | |
| **JAMES E. DAVIS, in his official capacity,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

Defendant Interim UT Austin President James E. Davis ("Defendant" or "President Davis"), in his official capacity, files this Answer and Affirmative and Other Defenses to Plaintiff Ammer Qaddumi's ("Plaintiff" or "Qaddumi") Verified Second Amended Complaint. The allegations in Qaddumi's Second Amended Complaint are answered by the correspondingly numbered paragraphs below. Unless specifically admitted in this pleading, the allegations are denied.

- First Unnumbered Introductory Paragraph (Dkt. 30 at 1): Deny.

- Second Unnumbered Introductory Paragraph (*id*.): Deny first sentence. Admit second sentence, but deny Qaddumi is entitled to any of the relief he seeks.

### JURISDICTION AND VENUE

1. Admit.

2. Admit.

### PARTIES

3. Admit that Plaintiff Ammer Qaddumi is a student at The University of Texas who is currently suspended. Deny remaining allegations.

4. Admit that Mr. Jay Hartzell ("former UT Austin President") served as UT Austin's President until February 18, 2025. Deny remaining allegations.

5. Admit that Ms. Sharon Wood ("former Provost Wood") served as UT Austin's Provost

until August 31, 2024. Deny remaining allegations.

## FACTS

6.    Admit.

7.    Admit.

8.    Admit that the Committee of Counsel on Academic Freedom and Responsibility ("CCAFR") report included the language quoted in the text box in this paragraph. Admit that the initial quoted language was included in the PSC's post on Instagram on April 23. Deny the remaining allegations, including the description of "another post the same day" in the text box and footnote 1.

9.    Deny knowledge or information sufficient to form a belief about the truth of this paragraph.

10.    Admit that on April 23, 2024, at 10:41 p.m., the Dean of Students Office transmitted to the Palestine Solidarity Committee's ("PSC") authorized representatives a "Notice Cancelling Planned Event" informing PSC leaders that the PSC would not be permitted to hold the April 24 event on the UT Austin campus. Admit that former Provost Wood sent an email to the Dean's Council on the morning of April 24, 2024, informing the Dean's Council that the Office of the Dean of Students told the organizer of "The Popular University for Gaza" event that "they could not hold this event on campus" and that "any attempt to do so would subject the organization and its attending members to discipline under the Institutional Rules." Deny remaining allegations.

11.    Deny.

12.    Deny.

13.    Deny knowledge or information sufficient to form a belief about the truth of this paragraph.

14.    Deny.

15.    Admit that Jenna Homsi responded to the University's email on April 24, 2024, at 10:00 am and stated that "we are not organizing or encouraging an overnight encampment" and that "[t]his is a peaceful gathering with educational programming planned." Deny remaining allegations.

16.    Admit that paragraph six of the CCAFR report includes the content quoted in the text box in this paragraph. Deny remaining allegations.

17.    Deny.

18.    Deny.

19.    Deny.

20. Deny the allegations in this paragraph's first and fourth sentences. Deny knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph's second and third sentences.

21. Deny.

22. Admit that a demonstration related to the Black Lives Matter movement took place in Austin, Texas, on August 1, 2020. Admit that UT Austin did not discipline any students related to the protest. Deny that the University of Texas Police Department was not called. Deny knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

23. Admit that a protest related to compensation for social work students took place on UT Austin's campus on April 11, 2023. Admit that the University of Texas Police Department did not arrest any individuals related to the protest. Admit that the UT Austin did not discipline any students related to the protest. Deny that the University of Texas Police Department was not called. Deny that approximately 100 students participated in the protest. Deny that this protest was a demonstration similar in place, time, and manner to the PSC's protest on April 24, 2024. Deny knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

24. Admit that a protest related to terminations due to SB 17 took place on UT Austin's campus on April 8, 2024. Admit that protestors held signs and stood silently on Speedway. Admit that no arrests related to the protest occurred and that UT Austin did not discipline any students related to the protest. Deny that the University of Texas Police Department was not called. Deny that the protest involved more than 100 protestors. Deny that this protest was a demonstration similar in place, time, and manner to the PSC's April 24, 2024 protest.

25. Admit that law enforcement personnel were present on UT Austin's campus on the morning of April 24, 2024. Deny knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26. Admit that the CCAFR report includes the quoted content in this paragraph. Deny remaining allegations.

27. Admit that former President Hartzell stated "[t]he University did as we said we would do in the face of prohibited actions" in a statement released on April 24, 2024. Admit that the CCAFR report includes the content quoted in the text box in this paragraph. Deny remaining allegations.

28. Admit.

29. Admit that law enforcement funneled a large group of protestors south on Speedway and that law enforcement informed the group of protestors that they needed to disperse from campus. Deny remaining allegations.

30. Admit that law enforcement spoke with Qaddumi during the protest. Deny remaining allegations.

31. Admit that, during the April 24 protest, Qaddumi told the crowd it was time to disperse but also took actions contrary to the directive including refusing to leave in compliance with the officer's directive, arguing with officers, leading the crowd in a chant, and defending the crowd's refusal to leave. Deny remaining allegations.

32. Admit Qaddumi was arrested by the UT Police Department and charged with criminal trespass. Admit that Qaddumi spoke with law enforcement on April 24 prior to his arrest. Deny remaining allegations.

33. Deny knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. Admit that the CCAFR report states that "the University's s claim of violations of the Institutional Rules by protest organizers and almost all individual protestors appear to rest on exaggerated or mistaken accounts of what happened, and are, in important instances, not supported by the language of the Rules." Deny remaining allegations.

35. Admit that on July 3, 2024, Qaddumi received a letter from the Office of the Dean of Students alleging that his involvement in the events on April 24, 2024, may have violated University policy. Deny remaining allegations.

36. Admit that Qaddumi responded, in writing, to the questions posed in the July 3, 2024 letter. Admit that Qaddumi stated in his letter that he was an organizer with the PSC and a coordinator of the April 24 protest. Admit that Qaddumi stated in his letter that the PSC "used language similar to student groups at other universities regarding ending the genocide in Gaza" and that Qaddumi stated that the PSC "had no connection to actions at other universities[.]" Deny remaining allegations.

37. Admit.

38. Admit.

39. Deny that video evidence shows Qaddumi acting on behalf of law enforcement to disperse the crowd. Admit remaining allegations.

40. Admit.

## CAUSES OF ACTION

## COUNT I: Content and Viewpoint Discrimination in Violation of the First Amendment, 42 U.S.C. § 1983

41. The preceding paragraphs are admitted or denied as set forth in the corresponding numbered responses above.

42. Deny as these allegations are a vague, incomplete, imprecise and/or inaccurate statement of the law.

43. Deny as these allegations are a vague, incomplete, imprecise and/or inaccurate statement of the law.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny the allegations in the first sentence of this paragraph. Deny the allegations in the second sentence of this paragraph they are a vague, incomplete, imprecise and/or inaccurate statement of the law.

51. Admit that Qaddumi is suing President Davis in his official capacity. Deny that Qaddumi is entitled to the relief requested.

52. Deny.

## COUNT II: Retaliation in Violation of the First Amendment, 42 U.S.C. § 1983

53. The preceding paragraphs are admitted or denied as set forth in the corresponding numbered responses above.

54. Deny.

55. Deny.

56. Deny.

## DECLARATORY AND INJUNCTIVE RELIEF

- Deny that Qaddumi is entitled to any of the relief requested.

## DAMAGES

- Deny that Qaddumi is entitled to any of the relief requested.

## NOMINAL DAMAGES

- Deny that Qaddumi is entitled to any of the relief requested.

## ATTORNEY'S FEES

- Deny that Qaddumi is entitled to any of the relief requested.

## CONCLUSION

- Deny that Qaddumi is entitled to any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in Qaddumi's Verified Second Amended Complaint, Defendant affirmatively pleads the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that he would not otherwise bear such burden. Defendant reserves the right to supplement these pleadings with further applicable defenses as additional facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pled in the alternative.

1. Defendant asserts all applicable immunities to Qaddumi's claims, including but not limited to sovereign immunity, qualified immunity, and caps and limits on damages or other demanded relief.

2. Qaddumi's Verified Second Amended Complaint fails to state a claim upon which relief can be granted.

3. Qaddumi's claims are barred, in whole or in part, by laches, waiver, estoppel, or unclean hands.

4. All University rules, policies, and other regulations were permissible restraints on speech.

5. All disciplinary actions taken by the University with respect to Qaddumi were justified and were based on violations of permissible University rules, policies, or other regulations.

6. The application of University rules, regulations, and policies with respect to Qaddumi did not constitute viewpoint discrimination or retaliation.

7. Qaddumi's content and viewpoint discrimination claim violates the collateral bar rule.

8.    The University had legitimate, non-retaliatory reasons for its actions.

9.    Qaddumi is not entitled to punitive damages as Defendant is being sued solely in his official capacity for prospective injunctive relief.

10.    Pursuant to 42 U.S.C. § 1988, Defendant is entitled to recover attorneys' fees if he is the prevailing party.

11.    Defendant reserves the right to assert additional defenses as they become known.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Qaddumi's Verified Second Amended Complaint be dismissed with prejudice, that Qaddumi take nothing by this suit, and that Defendant be awarded his costs, attorneys' fees, expenses, and all other legal and equitable relief to which he may be entitled.

Dated: July 3, 2025

Respectfully submitted,

 /s/ *Darren G. Gibson*___
Darren G. Gibson
State Bar No. 24068846
Darren.Gibson@michaelbest.com
Madison George Dornak
State Bar No. 24108751
Madison.Dornak@michaelbest.com

MICHAEL BEST & FRIEDRICH LLP
515 Congress Avenue, Suite 2500
Austin, Texas 78701
Telephone: 512.320.0601
Facsimile: 512.640.3170

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a copy of the foregoing document was electronically filed with the Court, and served on the following by CM/ECF:

Brian McGiverin
Austin Community Law Center
2080 E. Ben White Blvd.
Ste. 240, PMB 5960
Austin, Texas 78741
brian@austincommunitylawcenter.org

Joseph Y. Ahmad
Sean Healey
Ahmad Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, TX 77010
T: 713.655.1101
F: 713.655.0062
joeahmad@azalaw.com
shealey@azalaw.com

*Attorneys for Plaintiff*

        /s/ *Darren G. Gibson*
        Darren G. Gibson