IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 1:24-cv-01002 |
| INTERIM UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, | § § § § | |
| Defendant. | § § § | |

**JOINT ADVISORY REGARDING PLAINTIFF'S MOTION FOR PRESERVATION**

Pursuant to the Court's May 23 Order,[1] Plaintiff Ammer Qaddumi and Defendant Interim UT Austin President James E. Davis, in his official capacity, submit this Joint Advisory Regarding Plaintiff's Motion for Preservation.[2] Per the Court's Order, this Joint Advisory addresses (1) the parties' pre-hearing conference; (2) the remaining issue related to Plaintiff's Motion for Preservation; and (3) the parties' positions on the issue.[3]

## I.   THE PARTIES' CONFERENCE

Plaintiff's and Defendant's counsel met via Teams at 9:00 a.m. on July 15, 2025. Attorney Sean Healey and Ahmad, Zavitsanos & Mensing PLLC Summer Associate Maddy Scannell attended the conference on Plaintiff's behalf. Attorneys Darren Gibson and Madison Dornak attended on Defendant's behalf. Counsel discussed the parties' positions on Plaintiff's Motion for Preservation, which are summarized below, and whether they believe a hearing is necessary. The conference lasted approximately twenty minutes. Ultimately, the parties agreed that Plaintiff's Motion for Preservation requires a ruling from the Court.

---

[1] ECF 59.
[2] ECF 54.
[3] *See* ECF 59.

## II.     REMAINING ISSUE

Plaintiff's Motion for Preservation stems from Defendant's Notice that UT Austin intends to comply with the Travis County District Court's expunction orders.[4] These expunction orders require UT Austin to destroy all records concerning the arrest of two individuals that the UT Austin Police Department ("UTPD") arrested on April 24, 2024, and four individuals UTPD arrested on April 29, 2024.[5] Plaintiff's Motion for Preservation asks the Court to "direct Defendant[] to comply with [his] obligation to preserve the records through the remainder of this litigation."[6] The parties have fully briefed this motion.[7] The remaining issue is whether the Court should enter an order requiring Defendant to preserve the records covered by the state court expunction orders.

## III.     THE PARTIES' POSITIONS

### A. Plaintiff's Position

Plaintiff's position is that the Court should order preservation of the arrest records so that Plaintiff can seek them in discovery. Accordingly, Plaintiff attaches a proposed order to that effect (Exhibit A). To mitigate Defendant's concerns raised in conferral and prior briefing, Plaintiff has limited the proposed order's scope to preserving the six arrest records that are subject to the expunction orders referred to in Defendant's Notice.

The proposed order is within this Court's power. Federal courts can authorize discovery of records that have been expunged or sealed by state courts. *See, e.g., Thomas v. City of Selma*, 2006 WL 2854405, at *3 (W.D. Tex. Oct. 4, 2006) (ordering production of records expunged by state court where relevant to federal civil lawsuit); *Baney v. Town of Chapin and Blake Gainous*, 2021 WL 1313410, at *1 (D.S.C. Apr. 7, 2021) (granting motion for production of records expunged under state law where

---

[4] ECF 52.
[5] ECF 52, p. 1.
[6] ECF 54, p. 4.
[7] ECF 54; ECF 57; ECF 58.

"the expunged records are relevant to this lawsuit and the production is related only to discovery in a civil suit"); *Howard v. City of Rochester*, 758 F. Supp. 3d 109, 121 (W.D.N.Y. Nov. 25, 2024) (holding "a discovery request is a sufficient jurisdictional hook to give this Court power to unseal and order the production of" records that were sealed by state court). Under the principle of comity, such an order is appropriate if "mechanically apply[ing] state law" would "frustrate the important federal interests in broad discovery and truth seeking and the interest in vindicating important federal substantive policy such as that embodied in [S]ection 1983*." See Howard*, 758 F. Supp. at 122–27 (citations omitted).

Here, the balance of state and federal interests favors preserving the records. There is a strong federal interest in enabling discovery of potentially relevant records within a party's custody or control. *Id.* The state's interest in enforcing its expunction orders, meanwhile, is not significantly infringed because the records will not be used against the arrestee for whose benefit they were expunged, and UT Austin will be free to destroy the records at the close of litigation, consistent with the orders' intent. Moreover, the expunction statute "is not absolute" and "provides for exceptions, permitting the retention of records and files, if they may be needed in future criminal or civil proceedings." *In re State Bar of Texas*, 440 S.W.3d 621, 624 (Tex. 2014).

Plaintiff is unable to seek relief directly from the state court(s) that issued the expunction orders. Defendant did not cite any case or docket numbers for the orders, has not specified which Travis County District Courts issued them, and redacted all identifying information from the excerpted text of the orders.[8] Thus Plaintiff is unable to identify and file into in the relevant state court proceedings. On July 21, 2025, counsel for Plaintiff conferred with Defendant's counsel over the phone to raise this issue and request sufficient information to intervene in state court. Plaintiff's counsel pointed out that if Plaintiff could request a modification of the expunction orders directly from the courts that issued them, Defendant's federalism concerns would be avoided. Defendant's

---

[8] *See* ECF 52; ECF 57 at p. 1–3.

counsel stated they could not provide this or any other identifying information, citing the non-public nature of the expunction proceedings. Given this obstacle, and without any other way to file into the relevant proceedings, Plaintiff seeks a preservation order from this Court.

Accordingly, Plaintiff seeks entry of the attached proposed order, on which he understands Defendant takes no position. Plaintiff believes a hearing is necessary to resolve the apparent dispute over the Court's authority to enter the order.

### B. Defendant's Position

Defendant takes no position as to Plaintiff's Motion for Preservation to the extent it requests a narrowly tailored order addressing only whether Defendant is required to preserve the records at issue—Defendant believes that whether the records at issue are relevant is not currently before the Court and thus need not be addressed. Absent an order from this Court, Defendant is legally obligated to comply with the Travis County District Court orders mandating expunction. As discussed in Defendant's Response, UT Austin recognizes that asking a federal court to order a party not to comply with a state court order may pose federalism concerns.[9] Defendant felt obligated to raise these concerns prior to the Court's issuance of a ruling, and again directs the Court to the cases cited in its briefing[10] as well as *Benedict v. McMahon*, 315 F.R.D 447, 451 (E.D. Pa. 2016). In *Benedict*, the Court granted a motion for a protective order and prevented a party from subpoenaing documents that a state court ordered expunged, finding it lacked "jurisdiction to reverse a state court's decision expunging a criminal record[,]" and "[t]he practical effect of permitting [the subpoenaing party] to obtain the expunged records would be to ignore or countermand the duly issued expungement order" of the state court. 315 F.R.D. at 451. Defendant further points out that, unlike the cases Plaintiff cited above, Qaddumi is not seeking preservation of expunction orders that relate to his own arrest—rather

---

[9] *See* ECF 57, p. 4–5.
[10] *See* ECF 57, p. 4–5.

he is seeking preservation of records related to non-parties in this case. *See Thomas*, 2006 WL 2854405, at *3 (noting plaintiff was unopposed to defendant's request for production of plaintiff's expunged records); *Baney*, 2021 WL 1313410, at *1 (noting parties moved for production of records related to charges against plaintiff); *Howard v. City of Rochester*, 758 F. Supp. 3d at 114–15, 121 (noting plaintiff was seeking his own expunged records).

Should the Court issue an order requiring Defendant to retain the records at issue during this litigation, Defendant will comply and will inform the state court of this Court's decision requiring Defendant to preserve such records. Should the Court deny Plaintiff's motion, Defendant will comply with the state court expungement order.

Defendant notes that additional individuals arrested by UTPD on April 24, 2024, and April 29, 2024, for the offense of criminal trespass may seek expunction of their arrest records. Accordingly, Defendant requests that the Court's decision on Plaintiff's Motion for Preservation extend to additional expunction orders directed to Defendant when those orders concern arrests made by UTPD on April 24, 2024, or April 29, 2024, for the offense of criminal trespass.

Defendant does not believe a hearing is necessary on this issue and believes the matter may be decided on the pleadings. Should the July 24 hearing proceed, Defendant plans to largely reiterate the opinions contained in this Advisory and in his Response.[11] Should the Court wish to review the expunction orders, Defendant will provide them to the Court for an in-camera review.

Dated: July 22, 2025

                                Respectfully Submitted,

---

[11] *See* ECF 57.

/s/ *Joseph Y. Ahmad* (signed with permission)
Joseph Y. Ahmad
State Bar No. 00941100
joeahmad@azalaw.com
Sean Healey
State Bar No. 24142997
shealey@azalaw.com
AHMAD, ZAVITSANOS, & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR PLAINTIFF**

-and-

  /s/ *Darren G. Gibson*
Darren G. Gibson
State Bar No. 24068846
Darren.Gibson@michaelbest.com
Madison George Dornak
State Bar No. 24108751
Madison.Dornak@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
515 Congress Avenue, Suite 2500
Austin, Texas 78701
Telephone: 512.320.0601
Facsimile: 512.640.3170

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 22, 2025, a copy of the foregoing document has been electronically filed with the Court and served on all parties of record:

           /s/ *Darren G. Gibson*
           Darren G. Gibson