UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:24-cv-1002 |
| UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, | § § § § | |
| Defendant. | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND**

Plaintiff Ammer Qaddumi ("Plaintiff") files this Response to Defendant UT Austin President James E. Davis's ("Defendant's" or "the University's") August 26, 2025 Motion to Strike Plaintiff's Jury Demand. Dkt. 70. Plaintiff concedes that there is no Seventh Amendment right to a jury trial in an action for injunctive relief against an official capacity defendant. Plaintiff nonetheless opposes Defendant's Motion to the extent that it seeks to prevent this court from empaneling an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).

### I.   INTRODUCTION

This Court is free to empanel an advisory jury pursuant to Rule 39(c) if, in its discretion, "the advice of a jury would be of particular aid given the nature of the action or the proof to be submitted." *N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 470 (E.D.N.Y. 2003). Plaintiff's Jury Demand does not specify that an advisory jury is requested in the alternative. Nonetheless, the Court may "treat [a party's] alternative request contained in its response [to a motion to strike] as a Rule 39 motion" and empanel an advisory jury on that basis. *See Bd. of Regents, Univ. of Tex.*

1

*Sys. on Behalf of Univ. of Tex. at Austin v. KST Elec., Ltd.*, 2007 WL 9702440, at *2 (W.D. Tex. June 21, 2007) (granting an advisory jury request contained within a response to a motion to strike jury demand where plaintiff's only claims were for equitable relief). Here, an advisory jury is particularly appropriate because it assists the Court in weighing the community perspectives in determining the appropriateness of injunctive relief.

Accordingly, Plaintiff respectfully requests that the Court treat this response as a motion for an advisory jury, and that the Court grant Plaintiff's request in the interests of justice.[1]

## II. ARGUMENT AND AUTHORITIES

### A. Nothing in Defendant's Motion prevents the Court from using an advisory jury.

Defendant's Motion focuses entirely on whether a Seventh Amendment right to a jury trial exists in a 42 U.S.C. § 1983 injunctive relief action against a state official in his official capacity. *See generally*, Def's Motion. Plaintiff acknowledges that the Seventh Amendment does not give this jury right.

Notwithstanding, the Court may conduct a jury trial and treat the jury's verdict as advisory. FED. R. CIV. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury."). The decision to empanel an advisory jury is entirely within the Court's discretion and not subject to review. *United States v. Abbott*, No. 1:23-CV-853-DAE, 2024 WL 3665747, at *6 (W.D. Tex. July 24, 2024); *Wynn Oil Co. v. Purolator Chem. Corp.*, 536 F.2d 84 (5th Cir. 1976); 9 Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2335 (4th ed.) ("the case law is abundantly clear: it is completely within the trial judge's discretion under Rule 39(c) whether or not to use an advisory jury, and the district court's exercise of discretion is virtually unreviewable.").

---

[1] Alternatively, Plaintiff can file a separate motion requesting an advisory jury.

The lack of a Seventh Amendment jury right does not prevent the Court from empaneling advisory jury. Such an advisory is permissible even where empaneling a binding jury would violate sovereign immunity. *See Shields of Strength v. U.S. Dep't of Def.*, 2024 WL 5103412, at *4 (E.D. Tex. Dec. 13, 2024) (empaneling advisory jury for plaintiff's trademark claims against the U.S. Department of Defense, which had not waived sovereign immunity for such claims under the Administrative Procedure Act).

Thus, the Court may use an advisory jury to determine any issue of fact underlying Plaintiff's request for an injunction. *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114 (5th Cir. 1973). The Court is free to adopt the jury's findings in whole or in part, or to totally disregard them. *Id*. Since an advisory jury is clearly within the Court's discretion—and not in any way contrary to the authority cited in Defendant's Motion—Plaintiff respectfully requests that the Court empanel an advisory jury to aid the Court in resolving all questions of fact as exist at trial.

**B.     An advisory jury would assist the Court in determining the appropriateness of injunctive relief and the existence of viewpoint discrimination in this case.**

An advisory jury is appropriate where community perspectives would be of "particular aid given the nature of the action or the proof to be submitted." *AcuSport, Inc.*, 271 F. Supp. 2d at 470. An advisory jury helps the Court to incorporate "the public's views of morality and experience with the societal circumstances underlying a cause of action," and is "of special value in a case in which the content of a legal norm is dependent in part on the public sense of right and justice." *Id*. Courts have used advisory juries for assistance with "important issues impinging on national public policy" and in "determining the appropriateness of injunctive relief." *Shields of Strength v. United States Dep't of Def.*, 2024 WL 5103412, at *5 (E.D. Tex. Dec. 13, 2024).

Here, an advisory jury would help the Court decide the appropriate scope of injunctive relief against a public university. The Court's decision to grant or deny a permanent injunction

3

will depend upon the balance of equities between Plaintiff and Defendant as well as whether "the injunction will not undermine the public interest." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Where, as here, the defendant is a government actor, these factors "overlap considerably." *Louisiana v. Biden,* 622 F. Supp. 3d 267, 297 (W.D. La. 2022). Courts have found advisory juries useful in evaluating both factors. *See, e.g.*, *Marcus v. Iowa Public Television*, 97 F.3d 1137 (8th Cir.1996) (advisory jury asked to assess whether the harm done to a public broadcasting network by enjoining the broadcast of political debates would outweigh the benefits to plaintiffs and members of the public); *AcuSport, Inc.*, 271 F. Supp. 2d at 470–71 (using advisory jury to help determine if injunction against gun manufacturers would harm public interest). In this case, the Court can benefit from an advisory jury's guidance on how an injunction against a public university on a matter of public concern will affect the public interest.

Additionally, an advisory jury can help the Court determine whether Defendant's actions in investigating, disciplining, and suspending Plaintiff were motivated by viewpoint or retaliatory animus. Federal courts have used advisory juries in cases involving content-based speech regulation. *See, e.g.*, *Thomas v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017). Federal courts have also used advisory juries to determine the existence of an unconstitutional pattern or practice. *See, e.g.*, *United States v. Town of Colorado City, Arizona*, 2017 WL 1384353, at *2 (D. Ariz. Apr. 18, 2017), *aff'd sub nom. United States v. Town of Colorado City*, 935 F.3d 804 (9th Cir. 2019). And the state's treatment of pro-Palestine protesters on university campuses is certainly an "important issue[] impinging on national public policy," for which a jury's guidance may benefit the Court. *See Shields of Strength*, 2024 WL 5103412, at *5.

Here, a jury can help the Court determine several factual questions relevant to viewpoint discrimination and retaliation. For example, a jury can help whether the University declined to

4

discipline other students who engaged in similar protests to Plaintiff but expressed different viewpoints. *See* 2d. Am. Compl., Dkt. 30, at ¶¶ 20–24, 44–46; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Dkt. 60, at 11–12. Additionally, a jury can help decide whether a heightened environment of opposition to pro-Palestine speech existed at the University at the time of the protest, and whether this political atmosphere affected the University's actions. *See* Dkt. 30 at ¶¶ 15–18; Dkt. 60 at 13. Finally, a jury can help determine if the University punished Plaintiff on the basis of his conduct alone or due to the conduct of students sharing similar political sentiments but lacking other affiliations. *See* Dkt. 30 at ¶¶ 11–15; Dkt. 60 at 13–14. These are live questions of fact involving important issues of national public interest, and they are central to the issue of whether the University applied its policies neutrally to Plaintiff or in a pretextual, discriminatory, and retaliatory manner. *See* Dkt. 30 at p. 1, ¶¶ 47–48, 54; Dkt. 60 at 11–15. To the extent such fact issues exist at trial, an advisory jury is appropriate.

**C.   Empaneling an advisory jury would not disrupt proceedings or prejudice Defendant.**

Defendant has been on notice that Plaintiff was seeking a jury trial for more than two months, since before the start of discovery. *See* Dkt. 64. Plaintiff's jury demand was timely filed within hours of Defendant's Answer. *See* Dkt. 63 and Dkt. 64. Although the case is set for a bench trial in February 2026, it could easily be moved to the jury trial docket without significant disruption to the schedule or prejudice to Defendant. Therefore, there is "no strong and compelling reason to deny a jury trial," and the Court should deny the motion to strike and exercise its discretion to seat an advisory jury. *See KST Elec., Ltd.*, 2007 WL 9702440, at *2.

### III.   CONCLUSION

Since the Court should exercise its discretion to use an advisory jury, Defendant's motion to strike Plaintiff's jury demand should be denied. Alternatively, if the jury demand is struck, Plaintiff's request for an advisory jury should be granted.

Dated: September 9, 2025                                  Respectfully submitted,

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad
State Bar No. 00941100
joeahmad@azalaw.com
Sean Healey
State Bar No. 24142997
shealey@azalaw.com
Aʜᴍᴀᴅ, Zᴀᴠɪᴛsᴀɴᴏs, & Mᴇɴsɪɴɢ, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on September 9, 2025.

*/s/ Sean Healey*
Sean Healey