IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-01002 |
| | § | |
| UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION
FROM RULE 45 SUBPOENA RECIPIENTS**

1

Defendant UT Austin President James E. Davis, in his official capacity ("UT Austin"), respectfully moves for an order compelling three non-party student witnesses to produce documents and electronically stored information responsive to valid, narrowly-tailored Rule 45 document subpoenas concerning the planning, communications, and coordination surrounding the April 24, 2024 protest.[1] All of the student witnesses were members of the Palestine Solidarity Committee's Steering Committee along with Plaintiff,[2] and each was identified as a witness in Plaintiff's initial disclosures.[3] Despite proper service and offers to confer, each student refused to produce documents and asserted the same boilerplate objections and generic First Amendment associational claims. Furthermore, one of the students even admitted that she did not perform adequate searches and that responsive material exists within her possession, custody, or control.

Rule 45 does not permit wholesale noncompliance, and non-parties are held to the same standard as parties when asserting objections to the production of documents. Generalized claims of burden must be supported by evidence, and a non-party withholding information must describe the nature of the withheld materials on the basis of an objection or privilege. Discovery in this matter so far demonstrates the three student witnesses possess relevant documents but have offered no legitimate basis to refuse production. The Court should compel prompt, complete production from the third-party subpoena recipients.

## BACKGROUND

Between October 7, 2025 and November 3, 2025, Defendant served Rule 45 subpoenas on the three students seeking: (i) documents reflecting communications with the Plaintiff relating to the

---

[1] The three "student witnesses" are Jenna Homsi, Haya Saidi, and Mohammed Zakzok. The three subpoenas are attached as Exhibit 1 (Homsi), Exhibit 2 (Saidi), and Exhibit 3 (Zakzok). Undersigned counsel emailed the three students on November 26, requesting their position on this Motion or to provide responsive documents but none responded.

[2] *See* Ex. 4 at 28:15-29:20 ("Q: Who was on the [PSC Steering Committee] for the 2023/2024 academic year? … A: Hay[a] Saidi … Jenna Homsi … Mohammed Zakzok.").

[3] *See* Ex. 5 at pp. 5-7.

April 24 & 29 protests; (ii) documents reflecting communications with or among members of the Palestine Solidarity Committee ("PSC"), the Students for Justice in Palestine organization ("SJP"), or with other third parties relating to the April 24 & 29 protests; (iii) audio recordings, video recordings, and/or photographs depicting or capturing the April 24 & 29 protests; and (iv) documents and/or communications relating to Plaintiff's arrest and subsequent disciplinary process at UT Austin.[4] These requests were temporally restricted and content-specific and focused on the core issues of the case, namely the planning and coordination of the April 24 & 29 protests, compliance with UT Austin's institutional rules and/or administrative directives, and Plaintiff's subsequent disciplinary proceedings.

The record reflects robust PSC activity during the relevant period, including teach-ins, demonstrations, film screenings, art builds, and coordinated events in the weeks leading up to the April 24 protest.[5] Plaintiff testified that the PSC's Steering Committee discussed planning for its events through in-person meetings, Signal, and the PSC's Gmail account.[6] Additionally, non-party subpoena recipients Haya Saidi ("Saidi") and Mohammed Zakzok ("Zakzok") remained PSC leaders after the spring protests and can therefore provide additional context for the custodianship of PSC communications and accounts bearing on the planning, materials, and communications concerning PSC events and the April 24, 2024 protest in particular.[7]

Despite being served with valid Rule 45 subpoenas, all three student witnesses served nearly

---

[4] *See* Exs. 1-3.

[5] Ex. 4 at 52:1-53:16 ("Q: And [the PSC] had other events that weren't protests; correct? A: Correct. Q: Like the panel discussion you talked about that occurred on April 23, 2024; correct? A: Yes … Q: What other type of events or activities did you engage in? A: There might have been art builds … Q: [Did the PSC] have film screenings? A: Yes. … Q: Was there a thing called Café Resistance? A: Yes. Q: What is Café Resistance? A: That's like a cultural event … [with] music, poetry, dancing.").

[6] *See id.* at 26:18-22 ("A: … PSC, we'd have weekly meetings, and in those meetings any relevant information would be included in meeting notes and this was one of the things in the meeting notes pertaining to the April 24th protest."); 45:20-23 ("Q: But your communications with the PSC Steering Committee, those still exist in your [Signal] app? A: Yeah."); 144:2-5 ("Q: And so you said, I think you said, you had access to the PSC's Gmail account through while you were on the PSC, right? A: Yeah.").

[7] *See* Ex. 6. This exhibit has been intentionally left blank and will be uploaded under seal in accordance with Local Rule CV-5.2.

3

identical boilerplate objections, claiming that the requests for production were overbroad, unduly burdensome, irrelevant, a fishing expedition, privileged by virtue of the First Amendment, and "equally available" through other means.[8] The recipients refused to produce any documents in response to the subpoenas, but those objections violate Rule 45 and controlling case law.

## ARGUMENT

The non-party subpoena recipients objected on the basis of the First Amendment, undue burden, overbreadth, relevance, privacy, vagueness, and that documents were "equally available" through discovery requests to Plaintiff. These objections do not withstand scrutiny and are not sufficient to relieve the three student witnesses from their obligations to produce responsive documents. Rule 45 requires any person who withholds subpoenaed information under a claim of privilege or work product to (i) expressly make the claim and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that permits assessment of the claim. Fed. R. Civ. P. 45(e)(2)(A). Non-parties are subject to the same discovery requirements as parties themselves,[9] and blanket assertions or generalized invocations are insufficient.[10]

### I.    Blanket Constitutional Objections Do Not Excuse Compliance.

Non-party subpoena recipients are not permitted to refuse to search for and produce non-privileged, relevant documents and/or communications in response to valid Rule 45 subpoenas by invoking generic rhetoric regarding the First Amendment without identifying a bona fide privilege and before performing a reasonable search. Any person withholding information on privilege grounds must satisfy Rule 45(e)(2)(A) by "expressly" asserting the privilege and describing withheld materials

---

[8] *See* Ex. 7, Homsi Objections and Responses to Requests for Production; Ex. 8, Saidi Objections and Responses to Requests for Production; Ex. 9, Zakzok Objections and Responses to Requests for Production.

[9] *See Garcia v. El Paso Teachers Fed. Credit Union*, 2021 WL 2784561, at *4 (W.D. Tex. Jan. 21, 2021). Unless otherwise stated, emphasis is added and citations, internal brackets or ellipses are omitted.

[10] *FTC ex rel. Yost v. Educare Ctr. Servs., Inc.*, 2020 WL 4334119, at *4 (W.D. Tex. Apr. 15, 2020) (noting that non-parties must "show specifically how each discovery request is not relevant or otherwise objectionable").

sufficiently to "enable the parties to assess the claims." Here, the non-party recipients all lodge objections that the subpoena "infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment."[11]

A blanket assertion of privilege, however, is unacceptable. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 713 (5th Cir. 2001). The Fifth Circuit requires that persons invoking a privilege bears "the burden of proof" under a "highly fact-specific inquiry." *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017).[12] The subpoena recipients here do not identify any bona fide privileged material, and instead simply recited boilerplate objections suggesting that the subpoena infringes on protected First Amendment freedoms.[13]

In limited circumstances, the First Amendment provides a qualified privilege from the disclosure of information concerning certain activities protected by the First Amendment's freedom of speech and association. *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958); *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 610–11 (2021). To determine whether withholding is appropriate, courts apply a burden-shifting test that "balances the interest in disclosure against the burden imposed on associational rights." *Young Conservatives of Tex. Found. v. Univ. of N. Tex.*, 2022 WL 2901007, at *3 (E.D. Tex. Jan. 11, 2022).[14] The first step involves analyzing whether the party opposing discovery has made a *prima facie* showing of arguable First Amendment infringement. *Perry*, 591 F.3d at 1160. To make such showing, a party withholding documents must demonstrate a reasonable

---

[11] *See* Exs. 7-9; *e.gs.*, Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.

[12] *See also Comcast Cable Commc'ns, LLC v. BT Ams., Inc.*, 2013 WL 12129283, at *1 (N.D. Tex. July 10, 2013) (stating that "[a] privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client, work product, or other privilege or immunity") (citing Fed. R. Civ. P. 26(b)(5)(A)); *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009).

[13] *See id.*

[14] *See also Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010). Although the Fifth Circuit has not adopted this specific balancing test employed in other circuits, it has suggested that a balancing test is appropriate to analyze the qualified privilege. *See Hastings v. N. E. Indep. Sch. Dist.*, 615 F.2d 628, 631–32 (5th Cir. 1980); *Whole Woman's Health v. Smith*, 896 F.3d 362, 372–74 (5th Cir. 2018).

probability that disclosure of information may expose its "members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility." *Hastings*, 615 F.2d at 631–32. The proof may include "specific evidence of past or present harassment of members due to their associational ties, or of harassment directed against the organization itself." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976) (per curiam).

No such concerns apply here. The fact that Ms. Homsi, Ms. Saidi, and Mr. Zakzok were members of the PSC Steering Committee and helped organize the April 24 protest was revealed in records produced by Plaintiff, and Plaintiff discussed their involvement in his deposition.[15] Moreover, the three were named by Plaintiff in his initial disclosures as potential witnesses in this case based on their knowledge of the "events leading up to, during, and immediately following" the April 24 protest, including Plaintiff's role.[16] In addition, Ms. Homsi and Mr. Zakzok were witnesses in Plaintiff's student misconduct hearing,[17] and these students have publicly disclosed their role in the PSC and their related views through interviews with local media outlets.[18] In short, there is no basis to conclude that requiring the student witnesses to produce relevant documents would result in harm to any of them.

The three students' objections are nothing but stonewalling. Ms. Homsi, admitted as much, stating that "I don't think it's fair to say that I'm withholding documents because it infringes on my First Amendment rights."[19] In any event, none of the recipients have identified any specific First Amendment concerns tied to the subpoena. Because the recipients assert no bona fide privilege claim and instead offer only boilerplate rhetoric invoking constitutional rights, they have no basis for

---

[15] *See supra*, n.2.

[16] *See* Ex. 5.

[17] *See* Ex. 10 at 81:14-18 ("Q: Did you testify at Ammer's disciplinary hearing? … [Ms. Homsi]: Yes, I did."); *see* Ex. 11 (identifying Mr. Zakzok as a witness "for the Accused Student.").

[18] *See, e.g.*, Ex. 12 (interviews with Homsi and Saidi, both identified as PSC members); Ex. 13 (interview of Homsi, who is identified as member of PSC); Ex. 14 (interview of Zakzok, who is identified as PSC member).

[19] *See* Ex. 10 at 24:7-9.

refusing routine discovery requests pursuant to Rule 45. *See SEC v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (stating that the proponent of a privilege has the burden of "demonstrat[ing] how *each document* satisfies" the elements of an asserted privilege and that a "clear showing" is required that sets forth "the items or categories objected to").[20]

## II.     The Students' Boilerplate Burden, Overbreadth, and Relevance Objections Fail.

The students' boilerplate objections based on overbreadth, burden, and relevance do not withstand scrutiny. Under Rule 45(d)(2)(B), when a non-party objects to discovery requests in a subpoena, they are "subject to the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015). Here, none of the objections provide any *specific* explanation for the objection or provide a supporting basis for the stated objection. The non-parties were all directly involved with the April 24 protest,[21] Homsi and Zakzok served as witnesses in Plaintiff's disciplinary proceeding,[22] and Zakzok and Saidi led the PSC in the Fall of 2024.[23]

The recipients object that the subpoena is overbroad and unduly burdensome.[24] However, the students' objections do not "show specifically how each [discovery request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *Cf. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Courts routinely reject boilerplate objections lodged

---

[20] *See also La Union del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *8 (W.D. Tex. Dec. 9, 2022) (refusing to presume that a protected associational relationship exists between a party and every other person or entity with whom they share common beliefs or goals because "such an expansive view of the associational privilege would swallow the discovery process altogether" and finding that the intervenors' communications with third-party organizations were not protected by an associational privilege).

[21] *See* Ex. 15 (depicting Signal messages exchanged between PSC Steering Committee members, including Zakzok, Homsi, and Saidi).

[22] *See* Ex. 11, *supra* n.17.

[23] *See* Ex. 6, *supra* n.7.

[24] *See* Exs. 7-9; *e.gs.*, Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.

without specificity.[25]

Furthermore, UT Austin's subpoenas are targeted in time and scope and limited to specific subject matters (*e.g.*, planning and coordination with the PSC & SJP regarding the April 24 & 29 events, communications with UT Austin, contemporaneous recordings). Such requests are not overbroad.[26] Moreover, Homsi conceded she did not even attempt a reasonable search, stating that she did not have "the time to scroll to messages from two years ago" and "I don't remember looking through my email … I delete many … especially if they're old I'll just, like, get rid of them."[27] Homsi further asserted that "searching through my phone for messages from two years ago … would be very burdensome."[28] Homsi further admitted that she coordinated objections with other non-party recipients rather than review her own files.[29] This testimony underscores that the objections are strategic, not substantive or to avoid any undue burden.

The recipients also claim that the subpoena sought documents "that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." But relevance is "broadly construed: information is relevant if there is any possibility that it may be relevant." *Perez v. Bodega Latina Corp.*, 2021 WL 3272211, at *3 (W.D. Tex. July 30, 2021); Fed. R. Civ. P. 26(b)(1). Courts consistently permit non-party discovery where such requests relate to a claim in the relevant litigation and is discoverable from non-parties.[30]

---

[25] *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("[g]eneral objections … meaningless and will be overruled.").

[26] *See, cf. Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 455-59 (N.D. Tex. 2015) (modifying subpoena that was facially overbroad to a specified timeframe).

[27] *See* Ex. 10 at 18:11-14; 26:15; 27:25-28:2.

[28] *See id.* at 19:19-20:1.

[29] *See id.* at 18:21-24 ("We talked to the criteria of each request and that way we'd be a lot more confident in the fact that we were consistent with what we submitted.").

[30] Fed. R. Civ. P. 26(b)(1) (providing that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); *see also Adams v. Medtronic, Inc.*, 2024 WL 96665, at *5 (E.D. Tex. Jan. 9, 2024) (applying rule to Rule 45 discovery); *Guerra v. Balfour Beatty Cmtys., LLC*, 2015 WL 13794439,

The documents requested by the subpoenas go to the very heart of this case: whether the PSC's protest on April 24 intentionally disrupted University operations and whether Plaintiff and the PSC violated University directives. Homsi herself acknowledged the requests covered topics she expected to testify about, stating she anticipated that she "would be questioned on communications with any other parties, stuff like that."[31] That admission confirms the subpoenas seek precisely what the recipients anticipated and what matters most in this litigation: evidence concerning the communication, planning, and attendance at the April 24 protest. But when asked whether she had responsive documents, Homsi responded that "if I have looked, whether it was after I received the subpoena or before, anything that I might have seen did not seem worthy of being relevant to submit"; and when asked whether she believed she had to produce any documents in response to the subpoena, she stated that "I believe if [they're] relevant, than *I am allowed to*. But I'm also allowed to object, so therefore, I did."[32] This testimony underscores that the objection is not grounded in actual burden but in convenience, which Rule 45 does not recognize as a valid basis for withholding responsive materials.[33]

These requests are, moreover, not fishing expeditions.[34] They are inquiries focused on documents and/or communications regarding materials tied to the very events at issue in this lawsuit. The recipients' objections regarding relevance are nothing more than attempts to shield themselves from discovery. *But see Spivey v. BP Expl. & Prod. Inc.*, 2024 WL 5246598, at *4 (E.D. La. Dec. 30, 2024) ("When a non-party objects on the basis of relevance, it must show specifically how each request is

---

at *7 (W.D. Tex. Nov. 19, 2015 (finding that where document requests are limited to a relevant time period and "to a subject integral to [the plaintiff's] claim" are reasonably particular and not overbroad).

[31] *See* Ex. 10 at 6:4-5.

[32] *See id.* at 17:5-6.

[33] *See Anra Grp.*, 312 F.R.D. at 450 (quoting Sedona principles stating that "a non-party cannot confuse undue burden with its obligations, once subject to a subpoena, to participate in transparent and collaborative discovery. Third-party status does not confer a right to obfuscation or obstinacy.").

[34] *Contra* Exs. 7-9; *e.gs.*, Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.

9

irrelevant. If relevance is in doubt, a court should allow discovery.").

### III. Privacy, Specificity, and "Equally Available" Objections Must be Overruled.

The non-party recipients further object on the grounds that responding would "invade the protected privacy and confidentiality rights of individuals who are not parties to this litigation," that the subpoenas "fail to identify with specificity the materials sought," and that the requests "seek materials that are equally available to the Plaintiff or Defendant" or from "some other source that is more convenient."[35] These objections similarly miss the mark.

The non-party recipients' reliance on "privacy" concerns is misplaced. Rule 45 expressly contemplates production of documents from non-parties, subject to protections for privileged or confidential information. Courts consistently hold that generalized assertions of privacy are insufficient to block discovery.[36] And as set forth above, there is no basis for assertion of a First Amendment privilege here. Moreover, the proper mechanism for addressing legitimate confidentiality concerns is a limited protective order, not a wholesale refusal to comply. *See* Fed. R. Civ. P. 45(d)(3).[37] Here, the subpoenas are narrowly tailored to communications and materials directly tied to the April 24 event, and any sensitive information can be safeguarded through the matter's existing or modified protective order. Moreover, privacy objections cannot override the broad construction of relevance that Rule 26(b)(1) permits. As set forth above, the recipients here have not identified any specific harms or proposed tailored limitations, and such categorical refusal to produce documents on generic "privacy" grounds is therefore improper and should be overruled.[38]

---

[35] *See* Exs. 7-9; *e.gs.*, Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.

[36] *See Johns v. United States*, 2023 WL 8642124, at *3 (S.D. Fla. Dec. 14, 20230 ("[C]ourts have explained that generic assertions of privacy" do not preclude discovery, overruling objections and collecting cases stating same).

[37] *See also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("modification of a subpoena is preferable to quashing it outright").

[38] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (stating that a boilerplate objection is one that does not specify how the discovery request is deficient or how the objecting party would be harmed if it were forced to respond to the request).

10

As to the objection based on vagueness, the subpoenas describe the requested materials with reasonable particularity, as required by Rule 34(b)(1)(A). Courts reject vagueness objections where requests identify the subject matter, time frames, and custodians. *Cf. Heller*, 303 F.R.D. at 483. Here, the subpoenas target communications and recordings related to two discrete protest date and Plaintiff's associated disciplinary proceeding and provide clear guidance for search and production.

Finally, non-parties cannot avoid compliance by claiming that requested documents are "equally available" from a party. Rule 45 imposes an independent obligation on subpoenaed persons to produce materials within their possession, custody, or control. Here, the subpoenas seek communications and recordings uniquely held by the recipients, including personal devices and accounts outside Plaintiff's control. During his deposition, Plaintiff admitted that, although he had access to PSC-related communications and documents through the spring of 2025, he did not preserve such documents. Accordingly, the documents in the possession, custody, and control of the three witnesses are highly likely to contain materials that may not be otherwise available to Defendant.[39] In addition, Zakzok and Saidi led the PSC after Plaintiff's arrest and disciplinary proceeding, and therefore, is best positioned to produce information concerning the PSC's Gmail account and Google Drive.[40] The Court should not permit these witnesses to play a shell game by deflecting to Plaintiff as the basis for concealing materials within their possession.

## CONCLUSION

The Court should grant the Motion and require the non-party witnesses to produce relevant documents in response to the subpoenas.

---

[39] For example, Plaintiff stated in his deposition that he no longer had access to the PSC's Google Drive or Gmail account. *See* Ex. 4 at 129:6-16 ("Q: Have you included all of the documents you provided to that coun[sel] in your production in this case? A. No … Because they're not in my possession … I sent them via the PSC email.").

[40] *See Nasufi v. King Cable, Inc.*, 2017 WL 3334110, at *7-8 (N.D. Tex. Aug. 4, 2017) (rejecting argument and refusing to quash subpoena, in part, on the grounds that the information requested is available from another party).

**Dated**: December 1, 2025

                                      Respectfully submitted,

                                      **MICHAEL BEST & FRIEDRICH LLP**

                                      */s/ Darren G. Gibson*
                                      Darren G. Gibson
                                      State Bar No. 24068846
                                      515 Congress Avenue, Suite 2500
                                      Austin, Texas 78701
                                      (512) 320-0601
                                      darren.gibson@michaelbest.com

                                      Daniel Jozwiak (*pro hac vice*)
                                      Colorado Bar No. 55198
                                      675 15th St., Suite 2000
                                      Denver, Colorado 80202
                                      (720) 398-0052
                                      daniel.jozwiak@michaelbest.com

                                      **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 1, 2025, a copy of the foregoing document was electronically filed with the Court, and served on the following by CM/ECF:

Joseph Y. Ahmad
Sean Healey
Ahmad Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, TX 77010
(713) 655-1101
joeahmad@azalaw.com
shealey@azalaw.com

*Attorneys for Plaintiff*

  I further certify that on December 1, 2025, a copy of the foregoing document was routed for service of process on the following individuals:

Jenna Homsi
376 River Chase Blvd.
Georgetown, TX 78628

Haya Saidi
2000 Milan Meadows Ct.
Leander, TX 78641

Mohammed Zakzok
502 W. 30th St.
Austin, TX 78705

                */s/ Jumi Park*
                Jumi Park