October 14, 2025

Hello,

Below are my responses to the subpoena I received on October 7, 2025.

Sincerely,

Jenna Homsi

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

*REQUEST FOR PRODUCTION NO. 1: Produce all documents reflecting communications with Ammer Qaddumi relating to April 24, 2024 protest, including without limitation communications relating to the planning of the protest, the notice of cancellation from UT Austin, communications with UT Austin officials, the decision to the hold the protest, attendance at the protest, and communications relating to what occurred at the protest.*

**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff or Defendant in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**
·       **It fails to identify with specificity the materials sought.**
·       **The request amounts to an improper "fishing expedition." See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex.1998).**
·       **It invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**

**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**

*REQUEST FOR PRODUCTION NO. 2: Produce all documents reflecting communications with Ammer Qaddumi relating to April 29, 2024 protest.*

**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff or Defendant in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**
·       **It fails to identify with specificity the materials sought.**
·       **The request amounts to an improper "fishing expedition." See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex.1998).**
·       **It invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449,**

462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).

Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.

*REQUEST FOR PRODUCTION NO. 3: Produce all documents reflecting communications (i) with or among members of the PSC, (ii) with the SJP, or (iii) with any third party, relating to the April 24, 2024 protest, including without limitation communications relating to the planning of the protest, the notice of cancellation from UT Austin and related communications with UT Austin officials, the decision to hold the protest, attendance at the protest, and communications relating to what occurred at the protest.*

**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff or the Defendant in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It seeks materials in the custody and control of third parties.**
·       **It is harassing and invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**
**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**
**REQUEST FOR PRODUCTION NO. 4: Produce all documents reflecting communications (i) with or among members of the PSC, (ii) with the SJP, or (iii) with any third party, relating to the April 29, 2024 protest.**
**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff or the Defendant in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It seeks materials in the custody and control of third parties.**
·       **It is harassing and invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**

**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**

*REQUEST FOR PRODUCTION NO. 5: Produce all audio recordings, video recordings, and/or photographs depicting or capturing the April 24, 2024 protest or the April 29, 2024 protest.*

**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff or Defendant in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**
·       **It fails to identify with specificity the materials sought.**
·       **The request amounts to an improper "fishing expedition." See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex.1998).**
·       **It invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**

**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**

*REQUEST FOR PRODUCTION NO. 6: Produce all documents reflecting communications with Ammer Qaddumi relating to Ammer Qaddumi's arrest of April 24, 2024.*

**REPSONSE: I object to this request on the following grounds:**
·       **It seeks materials that are equally available to the Plaintiff in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
·       **It is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**
·       **It fails to identify with specificity the materials sought.**
·       **The request amounts to an improper "fishing expedition." See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex.1998).**
·       **It invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
·       **It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First**

**Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**

**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**

*REQUEST FOR PRODUCTION NO. 7: Produce all documents reflecting communications relating to your arrest at the April 24, 2024 protest or the April 29, 2024 protest.*

**REPSONSE: I was not arrested at either protest.**

*REQUEST FOR PRODUCTION NO. 8: Produce all documents reflecting communications with Ammer Qaddumi relating to Ammer Qaddumi's disciplinary process at UT Austin and his subsequent suspension.*

**REPSONSE: I object to this request on the following grounds:**
**·    It seeks materials that are equally available to the Plaintiff in this litigation and that can be obtained from some other source that is more convenient, less burdensome or less expensive.**
**·    It is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**
**·    It fails to identify with specificity the materials sought.**
**·    The request amounts to an improper "fishing expedition." See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex.1998).**
**·    It invades the protected privacy and confidentiality rights of individuals who are not parties to this litigation.**
**·    It infringes on protected freedoms to speak, assemble, associate, and petition the state under the First Amendment. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958); Americans for Prosperity v. Bonta, 141 S.Ct. 2373 (2021). The First Amendment is applicable to the states through the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652 (1925).**

**Subject to and without waiving the foregoing objection, I respond that I have no responsive materials.**

*REQUEST FOR PRODUCTION NO. 9: Produce all documents relating to your disciplinary process at the UT Austin relating to the April 24, 2024 protest, or the April 29, 2024 protest.*

**REPSONSE: I did not have a disciplinary process.**