IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, *Plaintiff*, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. 1:24-cv-01002 |
| UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, *Defendant*. | § § § § § | |

**<u>NON-PARTY WITNESSES JENNA HOMSI, HAYA SAIDI AND MOHAMMED ZAKZOK'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION FROM RULE 45 SUBPOENA RECIPIENTS</u>**

Non-party subpoena recipients Jenna Homsi, Haya Saidi, and Mohammed Zakzok (collectively, the "Non-Party Witnesses"), by and through undersigned counsel, respectfully submit this response to Defendant UT Austin President James E. Davis's Motion to Compel Production from Rule 45 Subpoena Recipients ("Motion to Compel").

Movant seeks to compel 3 non-parties to produce information, namely text messages from a personal mobile device based on a subpoena that never references electronically stored information ("ESI"), text messages, electronic communications, or mobile devices. This deficiency is fatal. Fed. R. Civ. P. 45 (which ties into Rule 34) does not permit a court to expand an ambiguous subpoena—particularly against a non-party who bears no responsibility for this litigation—to require invasive, burdensome extraction of ESI (namely private text messages from a personal cell

1

phone). The Motion should be denied. In the rules cited above, and as discussed below, documents are a separate category entirely from "electronically stored information".

## I.   INTRODUCTION AND FACTUAL BACKGROUND

1. Defendant served Rule 45 subpoenas on Non-Party Witnesses and UT alumni Ms. Homsi, Ms. Saidi, and Mr. Zakzok on October 7, 2025, which contained the same 9 boilerplate requests to each of them ("the Subject Subpoenas"). Eight of these requests are for "documents reflecting communications" for topics related to planning, communications, and coordination surrounding the April 24 and April 29, 2024 protests at the UT Austin campus (including the arrest and disciplinary process for Plaintiff Ammer Qaddumi), and a single request is for "all audio recordings, video recordings, and/or photographs" depicting said protests. See Exhibits 1, 2, and 3 generally.

2. The Subject Subpoenas contain a number of definitions, but none of these include a definition for the word "documents" nor the phrase "documents reflecting communications".

3. Most importantly, the Subject Subpoenas do **not** contain any mention of the phrase "electronically stored information", which could arguably include text messages and similar information stored electronically on other communication platforms such as WhatsApp, for example. In fact, the first time that Defendant has mentioned the term "electronically stored information" as to the Non-Party Witnesses is in his proposed order attached to the instant motion to compel.

4.  Each of the Non-Party Witnesses timely objected and responded to the Subject Subpoenas on or by October 14, 2025 (i.e., within 7 days of service). See Exhibits 4, 5, and 6 generally, which are incorporated by reference in this Response in their entirety. Non-Party Witnesses timely served written objections, including objections that the Subject Subpoenas are overbroad, unduly burdensome, seek information not proportional to the needs of the case, intrude on privacy and associational rights, and seek materials that may be obtainable from parties or institutional sources.

5.  In their objections (which were drafted on a *pro se* basis before counsel was retained), the Non-Party Witnesses included several objections to the appropriateness of the requests on them, as former students and members of various Pro-Palestine student organizations at UT Austin). In particular, the Non-Party Witnesses objected to the requests as "fail[ing] to identify with specificity the materials sought"[1], and subject to their objections, there were "no responsive materials", namely that were no (i) responsive documents for 8 of the requests (Requests No. 1-4; 6-9), and (ii) no responsive photographs, video recordings nor audio recordings for the final request (Requests No. 5), in their possession, custody, and control.

6.  Unlike the parties in this case (who have been involved in litigation and on notice of evidence preservation), this is not unusual as the subject incidents in

---

[1] Non-Party Witnesses continue to stand on their other timely objections set out in the relevant subpoena responses. For purposes of this response, the lack of specificity is the defect that is most relevant.

question occurred more than 18 months' prior to date of the subpoenas, the Non-Party Witnesses have moved on with their lives after graduation from UT Austin, and there were likely no evidence preservation letters sent to the Non-Party Witnesses prior to the subpoena requests in October 2025 that would have put them on notice of any duty to preserve.

7. Counsel for Defendant also took the deposition of one of the Non-Party Witnesses (Ms. Homsi) on November 17, 2025 to ascertain her responses to the subpoena served on her. In the rough transcript of said deposition (attached as Exhibit 10 to Defendant's instant Motion; Dkt No. 144-10), there are at least 49 references to the word "documents" during this deposition in which Ms. Homsi explains that she has no responsive materials. There is no discussion of the term "electronically stored information", though there is discussion of text messages, which Ms. Homsi did search for between her and Plaintiff prior to her deposition. This deposition was taken under oath, with ample opportunity to interrogate at least one of the Non-Party Witnesses.

## II.   ARGUMENT AND AUTHORITIES

### A. THE SUBPOENA FAILS TO DESCRIBE ESI OR TEXT MESSAGES WITH REASONABLE PARTICULARITY

8. The subpoena commands production of "documents" only (and in one instance, audio recordings, photographs and video recordings). It does not define the term "documents", does not reference ESI, and does not mention text messages, electronic communications, or data stored on mobile devices. This silence is dispositive.

4

9. The Federal Rules require that document requests —whether to parties or non-parties—describe the materials sought with *reasonable particularity*. Fed. R. Civ. P. 34(b)(1)(A); Fed. R. Civ. P. 45(a)(1)(A)(iii). This requirement applies with full force to ESI requests. *See The Sedona Conference, Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition* (2020) ("Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party.").

10. The Fifth Circuit has established a multi-factor test for evaluating whether a subpoena presents an undue burden, including: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Here, Movant's subpoena fails factor five entirely—it provides no particularity whatsoever as to ESI or text messages.

11. Courts consistently construe ambiguous subpoenas narrowly against the issuing party, not expansively against the recipient. A reasonable non-party would not understand a bare request for "documents" to require forensic review or extraction of personal text messages, particularly where the subpoena is entirely silent as to ESI. Movant had every opportunity to specifically request text messages and electronic communications. Defendant's failure to do so cannot now be remedied by judicial rewriting of the subpoena.

12. Further, Rule 45 specifically lists out three separate categories of information that may be sought from a non-party – documents, electronically stored information (ESI), and tangible things.  The Subject Subpoenas mention "documents" and a specific subcategory of tangible things (photographs, audio recordings and video recordings), but do not mention ESI at all. For this reason, there is nothing that the Non-Party Witnesses should be ordered to produce and their objections should be sustained.

## B. NON-PARTY DISCOVERY IS SUBJECT TO HEIGHTENED PROTECTION

13. Non-parties to litigation occupy a special position under Rule 45. The Fifth Circuit has expressly held that a court considering discovery from non-parties must be sensitive to the non-party's interests, namely expense and inconvenience. See *Wiwa*, 392 F.3d at 818. Rule 45(d)(1) imposes an affirmative duty on the party issuing a subpoena to *"take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."* Fed. R. Civ. P. 45(d)(1). The court *"must enforce this duty* and may impose appropriate sanctions for violations. *Id.*

14. Moreover, Rule 45(d)(2)(B)(ii) expressly requires that any order compelling production from a non-party *"protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."* Fed. R. Civ. P. 45(d)(2)(B)(ii). This protection is mandatory, not discretionary. Accordingly, Non-Party Witnesses request their attorneys' fees for responding to this motion to compel, at a minimum.

### C. COMPELLING PRODUCTION OF TEXT MESSAGES FROM A PERSONAL CELL PHONE WOULD IMPOSE AN UNDUE BURDEN AND INVADE PROTECTED PRIVACY INTERESTS

15. In the alternative, it should be noted that text messages on a personal cell phone are qualitatively different from traditional documents. The Supreme Court has recognized the profound privacy interests implicated by cell phone data. In *Riley v. California*, 573 U.S. 373 (2014), the Court unanimously held that cell phones contain "the privacies of life" and that searching a cell phone implicates substantially greater privacy interests than searching physical items. The Supreme Court emphasized that modern cell phones are not just phones but are "minicomputers" containing" a digital record of nearly every aspect of [one's] lives—from the mundane to the intimate." *Id.* at 395-96.

16. These privacy concerns have been extended to civil discovery. In *Lawson v. Love's Travel Stops & Country Stores, Inc.*, Civil No. 1:17-CV-1266, 2020 WL 109654 (M.D. Pa. Jan. 9, 2020), the district court recognized that wholesale, far-reaching collection or disclosure of ESI and cellphone data could intrude upon the privacy interests of individuals and that requests for text message discovery must be narrowly tailored and supported by a more specific showing of relevance.

17. Producing text messages from a personal device typically requires: manual review of the device or forensic extraction; review of unrelated private communications, including family, medical, financial, and intimate personal matters; and significant time, expense, and privacy intrusion. Courts have

consistently held that such wholesale requests are unduly burdensome. *See, e.g., Hardy v. UPS Ground Freight, Inc.*, 2019 WL 3290346, at *3-4 (D. Mass. July 22, 2019) (limiting cell phone discovery due to privacy concerns); *Laub v. Horbaczewski*, 331 F.R.D. 516 (C.D. Cal. 2019) (same).

18. Movant's subpoena fails to identify custodians, date ranges, search terms, or any parameters whatsoever. Where a subpoena lacks such specificity, compelling text message production would violate Rule 45's command to avoid undue burden. *See* Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv).

### D. COURTS DO NOT REWRITE DEFICIENT SUBPOENAS THROUGH MOTIONS TO COMPEL

19. Movant's Motion effectively asks this Court to rewrite its subpoena to include ESI that was never requested. Courts routinely reject such requests and instead require the issuing party to serve a properly tailored subpoena if ESI is sought. *See Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (denying overbroad discovery requests and emphasizing proportionality and specificity requirements for ESI).

20. The Sedona Conference has specifically addressed this issue, recommending that parties issuing Rule 45 subpoenas seeking ESI should "contact the prospective non-party in advance" and "discuss issues such as burden, format, cost, and duration of the hold up front to determine the most practical, cost-effective method for compliance." Movant failed to take any of these steps and instead served an ambiguous subpoena that made no mention of text messages or ESI. Here, Movant did not even attempt to meaningfully confer with Non-

Party Witnesses prior to filing the instant motion.

21. This principle applies with even greater force to non-parties, who have no obligation to anticipate what types of ESI a party might later claim were implicitly requested. If Movant wanted text messages, it should have requested them explicitly in a properly drafted subpoena that complied with the requirements of the Rules. To now, attempt to do so with language appearing for the first time in a proposed order attached to a motion to compel, without so much as a conference with non-party witnesses (or their newly-retained counsel) is an improper use of discovery, and this Court should deny this overreach.

### III.   CONCLUSION

22. For the foregoing reasons, Movant's Motion to Compel should be denied. The subpoena does not expressly seek ESI or text messages, compelling production would impose an undue burden on a non-party, and such an order would impermissibly invade the privacy interests that courts have consistently recognized in cell phone data.

23. At minimum, if this Court is inclined to permit any further discovery, Movant should be required to serve a new, properly tailored subpoena that: (1) expressly identifies that ESI and text messages are sought; (2) specifies relevant date ranges; (3) identifies specific custodians or search terms; (4) addresses cost-shifting for the expense of compliance; and (5) provides for a protocol to protect the non-party's privacy interests in unrelated

communications.

## IV.  RELIEF REQUESTED

WHEREFORE, Non-Party Witnesses Jenna Homsi, Haya Saidi, and Mohammed Zakzok respectfully request that the Court deny Defendant's Motion to Compel to the extent it seeks full enforcement of the subpoenas as drafted, or in the alternative, limit and condition any order of production as set forth above, grant attorneys' fees to Non-Party Witnesses in the amount of $2,500 to be donated to a charity of the Non-Party Witnesses' choice, and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Edwards Sutarwalla Samani LLP**

By: /s/ M. Sutarwalla
Murtaza F. Sutarwalla
TX State Bar No. 24056398
Fed. Id. No. 2589991
602 Sawyer St., Suite 490
Houston, TX 77002
Phone: 713-565-1353
Email: murtaza@esslawpartners.com

**ATTORNEY FOR NON-PARTY WITNESSES JENNA HOMSI, HAYA SAIDI AND MOHAMMED ZAKZOK**

**CERTIFICATE OF SERVICE**

    I certify that all counsel of record who are Filing Users of the Electronic Case Files System of the Southern District of Texas have been served a true and correct copy of the foregoing by electronic submission for filing on December 24, 2025.

/s/ M.F. Sutarwalla
_____
Murtaza F. Sutarwalla