IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-cv-01002 |
| UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, | § § § | |
| Defendant. | § § § | |

## NOTICE OF SUBPOENA TO JENNA HOMSI

TO: Jenna Homsi
1217 Laurel Oak Trl.
Pflugerville, TX  78660

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant UT Austin President James E. Davis, in his official capacity, intends to serve a subpoena for documents on **Jenna Homsi** on September 30, 2025, or as soon thereafter as service may be effectuated.

A true and correct copy of the subpoena is attached to this Notice.

*[Remainder of page intentionally left blank]*

Dated this 30th day of September 2025

Respectfully submitted,

**MICHAEL BEST AND FRIEDRICH LLP**

By: /s/ *Darren G. Gibson*
    Darren G. Gibson, SBN 24068846
    515 Congress Avenue, Suite 2500
    Austin, TX 78701
    T: 512.320.0601
    F: 512.640.3170
    E: Darren.Gibson@michaelbest.com

    Daniel M. Jozwiak (*Pro Hac Vice*)
    Colorado Bar No. 55198
    675 15th Street, Suite 2000
    Denver, Colorado 80202
    T: 720.398.0052
    F: 512.640.3170
    E: Daniel.Jozwiak@michaelbest.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, a copy of the foregoing document was served on counsel of record by email.

*/s/ Darren G. Gibson*
Darren G. Gibson

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| AMMER QADDUMI<br>*Plaintiff*<br>v.<br>UT AUSTIN PRESIDENT JAMES E. DAVIS,<br>in his official capacity<br>*Defendant* | )<br>)<br>) Civil Action No. 1:24-cv-01002<br>)<br>) (If the action is pending in another district, state where:<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Jenna Homsi
1217 Laurel Oak Trl., Pflugerville, TX 78660

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A attached for further direction. Please contact undersigned counsel with any questions or concerns.

| Place: Please see Exhibit A attached, or contact undersigned counsel to coordinate a mutually convenient process for producing the requested documents electronically. | Date and Time:<br>10/14/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/30/2025

CLERK OF COURT                                           OR

_____                    /s/ Darren G. Gibson
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant, UT Austin President James E. Davis, in his official capacity , who issues or requests this subpoena, are:

Darren G. Gibson and Daniel M. Jozwiak, Michael Best & Friedrich LLP, 515 Congress Ave, Ste 2500, Austin, TX 78701
Darren.Gibson@michaelbest.com, (512) 320-0601 and Daniel.Jozwiak@michaelbest.com, (720) 398-0052

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-01002

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-cv-01002 |
| UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity, | § § § § | |
| Defendant. | § § § | |

**EXHIBIT A TO RULE 45 SUBPOENA**

**DEFINITIONS AND INSTRUCTIONS**

1. **You" or "Your"** means the party to whom this subpoena is addressed, including their agents, representatives, attorneys, employees, and any person acting on their behalf.

2. **"Ammer Qaddumi"** means Plaintiff Ammer Qaddumi as well as all agents, employees, attorneys, investigators, and other persons acting for or on behalf of Qaddumi.

3. "**UT Austin**" means The University of Texas at Austin.

4. "**PSC**" refers to the UT Austin student organization called the Palestine Solidarity Committee.

5. "**The protest on April 24, 2024**" means the on-campus protest held by the PSC on April 24, 2024.

6. "**The protest on April 29, 2024**" means the on-campus protest held by the PSC on April 29, 2024.

7. "**SJP**" refers to the Students for Justice in Palestine, a national organization supporting over 350 pro-Palestinian campus organizations across the country.

8. "**Litigation**" means the lawsuit pending in the United States District Court for the

Western District of Texas Austin Division that is the subject of these Requests, captioned *Ammer Qaddumi v. UT Austin President James E. Davis, in his official capacity*, Case No. 24:cv-01002.

9. Each document request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more of the requests, the document shall be produced in its entirety.

10. If You object to any of these Requests, You must state with specificity the grounds for objection to the Request, including the reasons, pursuant to FRCP 45. You must also state whether any responsive materials are being withheld on the basis of that objection. If You object to part of a Request, You must identify the part to which You object (and the basis therefor) and allow inspection or production with respect to the rest of the Request pursuant to FRCP 45.

11. The documents responsive to these requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the request to which they are responsive.

12. These Requests include not only responsive documents within your possession, custody or control, but also any responsive documents in the possession, custody or control of your agents, attorneys, accountants, employees, consultants, representatives, and other persons from whom such documents may be obtained.

13. For Requests seeking production of communications with an entity, any communications with that entity's employees, agents, attorneys, and anyone acting on their behalf or under their control shall be considered responsive to the Discovery Request.

14. Any pronoun shall mean the masculine, feminine or neutral gender, and singular or plural, as in each case may be appropriate.

15. The singular shall include the plural, and the plural shall include the singular, except as the context may otherwise require.

16. Unless otherwise stated, the **Relevant Time Period** applied to each Request shall be **April 1, 2024,** to the **Present.**

17. If You have any questions or concerns, or if any Request is ambiguous or unclear, please contact Daniel Jozwiak at daniel.jozwiak@michaelbest.com as soon as possible so that the issue can be clarified/addressed to avoid unnecessary delays in discovery.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents reflecting communications with Ammer Qaddumi relating to April 24, 2024 protest, including without limitation communications relating to the planning of the protest, the notice of cancellation from UT Austin, communications with UT Austin officials, the decision to hold the protest, attendance at the protest, and communications relating to what occurred at the protest.

2. Produce all documents reflecting communications with Ammer Qaddumi relating to April 29, 2024 protest.

3. Produce all documents reflecting communications (i) with or among members of the PSC, (ii) with the SJP, <u>or</u> (iii) with any third party, relating to the April 24, 2024 protest, including without limitation communications relating to the planning of the protest, the notice of cancellation from UT Austin and related communications with UT Austin officials, the decision to hold the protest, attendance at the protest, and communications relating to what occurred at the protest.

4. Produce all documents reflecting communications (i) with or among members of the PSC, (ii) with the SJP, <u>or</u> (iii) with any third party, relating to April 29, 2024 protest.

5. Produce all audio recordings, video recordings, and/or photographs depicting or capturing the April 24, 2024 protest or the April 29, 2024 protest.

6. Produce all documents reflecting communications with Ammer Qaddumi relating to Ammer Qaddumi's arrest on April 24, 2024.

7. Produce all documents reflecting communications relating to your arrest at the April 24, 2024 protest or the April 29, 2024 protest (to the extent applicable).

8. Produce all documents reflecting communications with Ammer Qaddumi relating to Ammer Qaddumi's disciplinary process at UT Austin and his subsequent suspension.

9. Produce all documents relating to your disciplinary process at the UT Austin relating to the April 24, 2024 protest, or the April 29, 2024 protest (to the extent applicable).

424499
Law Firm Ref#: 223257-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AMMER QADDUMI,

    Plaintiff(s)

vs.

UT AUSTIN PRESIDENT JAMES E. DAVIS, in his official capacity,

    Defendant(s)

Case No.: 1:24-cv-01002
AFFIDAVIT OF SPECIAL PROCESS SERVER

I, __Chris Dathe__, being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party of this action. I am an agent of It's Your Serve, Inc, Illinois Department of Financial and Professional Regulation number 117.000885. I attempted service of the within **Notice of Subpoena to Jenna Homsi; Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Exhibit A to Rule 45 Subpoena to Jenna Homsi, located at 376 River Chase Blvd., Georgetown, TX 78628** resulting in the following:

☒ **PERSONAL SERVICE:** By leaving a copy of the process with Jenna Homsi personally on the __7th__ day of __October__, 20__25__ at __4:15__ P. M.

☐ **AUTHORIZED SERVICE:** By leaving a copy of the process with:
Name: _____, Title: _____, an individual of the company willing and able to accept on behalf of the entity/respondent/witness on the ____ day of _____, 20____ at _____M.

☐ **SUBSTITUTE SERVICE:** By leaving a copy of the process at the above address which is Jenna Homsi's usual place of abode with:
Name: _____, Relationship: _____, a person of his/her family, or other person residing there, over the age of 13 years who was informed of the contents of the listed documents on the ____ day of _____, 20____ at _____M.
After substitute service, I mailed a copy of the listed documents via regular mail to the subject on the ____ day of _____, 20____.

☐ **NON-SERVICE:** for the following reasons with the **DATE and TIME** of each attempt listed along with a description of the attempt (attach an additional sheet if needed):

__/__/____ @ ____:_____
__/__/____ @ ____:_____
__/__/____ @ ____:_____

A description of person with whom the documents were left is as follows:
Sex: __Female__  Race: __White__  Approx. Age: __25__  Height: __5'4"__  Weight: __90__  Hair: __Black__
Noticeable features/Notes: _____

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn before me on
this __10th__ day of __October__, 20 __25__

_(Server Signature)_

Chris Dathe, PSC-6008
_(Print Name)_

10/10/2025
_(Date)_

_Cecilia Dathe_
Notary Public


Cecilia Dathe
My Commission Expires
9/29/2029
Notary ID 129576644

SAAFF/424499