# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| AMMER QADDUMI,<br>*Plaintiff*<br><br>v.<br><br>UT AUSTIN PRESIDENT JAMES<br>E. DAVIS, IN HIS OFFICIAL<br>CAPACITY,<br>*Defendant* | § § § § § § § § § § | No.  1:24-CV-01002-RP |

## ORDER

Before the Court is the parties' joint filing concerning plaintiff's deposition by written questions, Dkt. 172. The Court granted Plaintiff Ammer Qaddumi's motion to compel Rule 30(b)(6) deposition, Dkt. 141, "to the extent that [the motion sought] a Rule 31 deposition by written questions of Defendant UT Austin President James E. Davis, in his official capacity" and denied the motion in all other respects. Dkt. 170, at 1-2.

Qaddumi served a notice of deposition by written questions on Davis. Dkt. 172, at 2. The parties now disagree whether Davis is "obligated to respond based on his personal knowledge (Defendant's position), or whether he is obligated to respond in his official capacity following a reasonable inquiry into his office's institutional knowledge (Plaintiff's position)." *Id.* Davis argues that because the "vast majority" of Qaddumi's questions seek responses involving UT's own reasons and positions, Qaddumi improperly converts the Rule 31 deposition into a Rule 30(b)(6) deposition. *Id.* at 2-3. Qaddumi responds that because Davis is sued in his official capacity, he

1

must testify as to not only his personal knowledge, but also about the knowledge of his office as developed through the office's agents, employees, and records. *Id.* at 4-5.

Rule 31 generally provides for deposition by written questions of any person. Fed. R. Civ. P. 31. It further provides that an *organization* may be deposed by written questions in accordance with Rule 30(b)(6). *Id.* § (a)(4). Rule 30(b)(6), in turn, permits a party to name an organization as deponent, triggering an obligation from the organization to designate a person to testify on its behalf. Fed. R. Civ. P. 30(b)(6). In a Rule 30(b)(6) deposition, the designated person "must testify about information known or reasonably available to the organization." *Id.* (emphasis added).

UT is no longer a defendant in this case. Qaddumi's deposition notice is not directed at UT. Accordingly, the Court reiterates that Qaddumi is not entitled to a Rule 30(b)(6) deposition of Davis. The remaining question is whether, as an official-capacity defendant and Rule 31 deponent, Davis is required to make any inquiry into the institutional knowledge of his office in composing his responses to Qaddumi's deposition by written questions.

The answer is no. A suit against an official in his official capacity is a suit against the office itself. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (2004). But the import of that rule is on whom liability falls. Qaddumi offers no law supporting his suggestion that a defendant sued in his official capacity takes on heightened obligations in discovery. While true that the answering party's responses must be formed after a "reasonable inquiry," *see LaserDynamics, Inc. v. Asus Comp. Int'l*, No. A-08-CA-573-SS, 2008 WL 11411237, at *3 (W.D. Tex. Dec. 15, 2008) (citing

Fed. R. Civ. P. 26), it is not reasonable to demand an official-capacity defendant testify as to institutional knowledge solely because of his official-capacity status. *See* Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment ("The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances …. Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances.").

The undersigned agrees with Davis that to hold him to such an obligation would contravene the Federal Rules. Rule 30(b)(6), not Rule 31, provides the mechanism for requiring an official to testify on behalf of the office. This is evidenced by the fact that Rule 31 incorporates 30(b)(6) by reference. Fed. R. Civ. P. 31(a)(4). Under Rule 30(b)(6), persons designated to testify must "testify about information known or reasonably available to the organization." *Id.* § 30(b)(6). There is no such obligation under Rule 31. *See* Fed. R. Civ. P. 31.

Finally, because Qaddumi has already deposed individuals with personal knowledge of the events leading to this suit, including UT's president at the time the events occurred, the Court finds Qaddumi will not be unduly prejudiced if Davis testifies only as to his personal knowledge. In doing so, Davis's responses must still be made "to the best of [his] knowledge, information, and belief formed after a reasonable inquiry[.]" *See* Fed. R. Civ. P. 26(g)(1).

Accordingly, **IT IS ORDERED** that Davis is obligated to respond to Qaddumi's Rule 31 deposition based on his personal knowledge. The Court declines to order Davis to testify as to his office's institutional knowledge.

SIGNED April 8, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE